## Case No. 12,237.

ST. LOUIS, A. & T. H. R. CO. v. INDIAN-
APOLIS & ST. L. R. CO. et al.

[9 Biss. 144; 9 Reporter. 103; 12 Chi. Leg.
News, 73, 4 Cin. Law Bul. 922.] [1]

Circuit Court, D. Indiana.   Oct. 25, 1879.

EQUITY—INADEQUATE REMEDY AT LAW—CORPORA-
TIONS—CITIZENSHIP OF SHAREHOLDERS—CONSOL-
IDATION—COURTS—FEDERAL JURISDICTION.

1. Where a contract and lease relating to the
operation of a railroad had been performed for
a time and then the parties failed to meet
their engagements; on a bill filed to enforce the
contract and asking for various restraining or-
ders against some of the defendants. the appli-
cation being made because of the contract and
the various relations which existed between
the parties: *Held*, that these facts constitute a
case where there may not be a full remedy at
law and which is properly brought in a court of
equity.

2. Where a corporation sues in a federal
court. the court in order to assume jurisdiction,
will conclusively regard all the shareholders as
citizens of the state which created the corpora-
tion.

[See Bank of Cumberland v. Willis, Case No.
885.]

3. The fact that two railroad corporations cre-
ated by different states, have been consolidated
under the laws of those states. and the rail-
road operated. by virtue of that consolidation,
as one entire line of road. will not prevent one
of these corporations from bringing suit in the
federal court as a corporation of that state
where it was created. against the corporation
with which it is consolidated which was created
by the other state.

[Cited in C. & W. I. R. Co. v. L. S. & M. S..
Ry. Co., 5 Fed. 22; Uphoff v. Chicago. St.
L. & N. O. R. Co., Id. 549; Burger v. Grand
Rapids & I. R. Co., 22 Fed. 562; Colgate v.
Louisville. N. A. & C. Ry. Co., Id. 569;
Fitzgerald v. Missouri Pac. Ry. Co.. 45
Fed. 815. Quoted in Nashua & L. R. Corp.
v. Boston & L. R. Corp., 136 U. S. 377, 10
Sup. Ct. 1,009.]

In equity.

McDonald & Butler, for complainant.
Baker, Hord & Hendricks, for defendants.

DRUMMOND, Circuit Judge.   This is a
bill filed by the St. Louis, Alton and Terre
Haute Railroad Company against the In-
dianapolis and St. Louis Railroad Company,
and other railroad companies, to enforce the
obligations of a contract, part of which was
a lease made in 1867, between the parties,
and of which some of the defendants were
guarantors.[2]

In the bill the plaintiff is alleged to be a
corporation created under the laws of Illi-
nois, and the defendants are alleged to be
corporations created under the laws of In-
diana and of Pennsylvania.

---

[1] [Reported by Josiah H. Bissell. Esq.. and
here reprinted by permission. 9 Reporter. 103,
contains only a partial report.]

[2] For a full statement of the facts in this
case, see another opinion in same case [No. 12,-
236].

We propose now to decide but two ques-
tions in the case: one as to the jurisdiction
of the court, and the other whether this is a
case properly cognizable in a court of equity,
instead of a court of law.

There is another question which was some-
what argued by the counsel of the respec-
tive parties, but which I think ought to be
reserved for the final hearing of the case.
viz.: whether the guarantee, made by some
of the defendants, of the contract was ultra
vires; that is, beyond the power of the com-
panies respectively under their charters.   It
is sufficient as to this. last point to say, that
I do not think there is anything in the case
as now presented which would authorize the
court to declare absolutely that these con-
tracts of guarantee were ultra vires.   That
question will properly come up at the hear-
ing.

We think there can be no doubt that a
court of chancery has jurisdiction in this
case.

The controversy grows out of a contract
and lease made in 1867, containing various
provisions, and relating to the operation of a
railroad between Terre Haute and East St.
Louis, by which a certain rental was to be
paid, and various other stipulations were
to be performed by the lessee, and which
were guaranteed by some of the defendant
railroad companies.

The plaintiff asks that this contract shall
be enforced as against these various parties.
It was performed till 1878, when they fail-
ed to meet their engagements.   The plain-
tiff asks that various restraining orders shall
be made against some of the defendants to
prevent injustice from being done to it, the
application being made because of the con-
tract, and of various relations which exist
between the parties; for example, the hold-
ing by some of the defendants of certain
bonds which are the subject of controversy
and in relation to which the plaintiff claims
that the defendants should not be permitted,
while they are under the obligations of the
contract, to collect interest due upon cou-
pons.

Now, these facts in themselves, thus brief-
ly stated, we think constitute a case where
there may not be a full remedy in a court
of law, and where it may be proper for
the plaintiff to apply to a court of chan-
cery to have complete equity done.

However, that which has been regarded
by counsel as the most important question
in the case, and which has perhaps been
more fully argued than any other. and to
which the attention of the court has been
particularly directed, is whether the circuit
court of the United States for the district
of Indiana in which the bill was filed, has
jurisdiction.   That depends entirely upon
the citizenship of the parties.   It is con-
ceded that there is no federal question nec-
essarily arising in the case which per se
would give jurisdiction to the court.

As the plaintiff is alleged in the bill to be a corporation created by the laws of the state of Illinois, and the defendants are alleged to be corporations created respectively by the laws of the state of Indiana and of Pennsylvania, it appears prima facie that there is no objection to the jurisdiction of the court. But there is a plea interposed to the bill in which it is alleged that under various acts of the legislatures of Illinois and Indiana there are two corporations: one the plaintiff, the St. Louis, Alton and Terre Haute Railroad Company, and another, the same company in name; and that there has been a consolidation of the two corporations, created respectively by the state of Illinois and Indiana, and that they are inseparably connected together in such a way that the plaintiff is really a corporation as well of Indiana as of Illinois, and as some of the defendants are corporations of the state of Indiana, the court cannot have jurisdiction of the case. If this is so, then jurisdiction in the federal court does not exist, and we cannot hear the case or decide it upon its merits. I think we must assume upon the allegations of the plea, that there are two corporations, one created by the state of Illinois, and the other by the state of Indiana.

It will be borne in mind, that while the larger portion of the railroad is within the territory of the state of Illinois, namely, from East St. Louis to the eastern boundary of the state, there is a portion of the line within the territory of the state of Indiana, from the western boundary of the state to Terre Haute, a distance of a few miles, and in order to control, own and operate the whole line of road from Terre Haute to East St. Louis, it was necessary to obtain authority from both states. And accordingly authority has been given by both states. And it is alleged in the plea that under the act of 1861 (Priv. Laws Ill. 1861, p. 530) of Illinois, and the act of the same year of the state of Indiana, a corporation of Illinois and Indiana has been created; that a consolidation has taken place, and that it has become one corporation, owning, controlling and operating the road between East St. Louis and Terre Haute.

There is an allegation in the bill, that under and by virtue of the statutes of the states of Indiana and Illinois, "your orator was, and is the owner of a railroad extending from the city of Terre Haute, in the county of Vigo, in the state of Indiana, to East St. Louis, on the Mississippi river, in the state of Illinois, with a branch to Alton, in the said last named state, having the power to operate and maintain its said road under the laws of said states."

The manner in which the supreme court of the United States has reached the conclusions which are now adopted as law in relation to the citizenship of corporations, is well known to the profession, and was adverted to by the counsel on both sides in the argument of this case. That court held in the first instance, that in order to give the federal court jurisdiction where a corporation was a party, on the ground of citizenship, it was necessary that all the corporators should be citizens of a particular state, and that the adversary party should be citizens of another state different from that of the corporators, and if it turned out that any one of the corporators was a citizen of the same state as the adversary party, the jurisdiction of the court was gone. That rule, however, was afterwards changed, and the court finally reached this result: that it would assume as conclusively established, that all the stockholders or shareholders of a corporation were citizens of the state which created the corporation.

So, while it was true that a corporation was not a citizen within the ordinary meaning of the word as used in the constitution, and the laws of congress, still that the shareholders were citizens of the same state that created the corporation, and nothing could be heard in denial of that fact; the result of which was, that by a fiction of law the corporation became a citizen of the state which created it. That was the state of the law when the case of Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 286, was decided, and which was much relied on by the counsel of the defendants. In that case, there were two corporations created by the states of Indiana and Ohio, or rather there was a corporation created by the state of Indiana, and a license given to the Indiana corporation by the state of Ohio to operate a railroad and to own property in the latter state, and the suit was brought against a citizen of Indiana, in the circuit court of the United States of that district. The declaration alleged "that the plaintiff was a corporation created by the laws of the states of Indiana and Ohio, having its principal place of business in Cincinnati, in the state of Ohio, a citizen of the state of Ohio." Objection was taken that the court had no jurisdiction of the case, on the ground that the defendant Wheeler was a citizen of Indiana, and that the plaintiff was also a citizen of Indiana; and the supreme court of the United States so held. Taney, C. J., in giving the opinion of the court, says: "It follows from the decisions, that this suit in the corporate name is, in contemplation of law, the suit of the individual persons who compose it, and must, therefore, be regarded and treated as a suit in which citizens of Ohio and Indiana are joined as plaintiffs in an action against a citizen of the last mentioned state;" and he holds that "such an action cannot be maintained in a court of the United States;" and he says: "In such a suit it can make no difference whether the plaintiffs sue in their own proper names or by the corporate names and style by which they are described." It will be observed that the chief justice in this opinion treats the plaintiff as a corporation of the state of Ohio and of In-

diana. He says nothing about its being a corporation of Indiana, licensed by the state of Ohio. The case then decides this principle: that it is not competent for a plaintiff, which is a corporation of two different states, to bring a suit against a citizen of one of the states, where the declaration alleges the fact that the plaintiff is a citizen of both states or a corporation created by both states, which for the purpose of pleading, is the same thing. It must be conceded I think, that in principle, at least, this case has not been strictly followed in subsequent decisions of the supreme court of the United States, and so it is not the duty of the court to follow it unless in a case within its terms.

The case of Railroad Co. v. Harris, 12 Wall. [79 U. S.] 65, is perhaps only important in consequence of some observations made by the court upon the case of Ohio & M. R. Co. v. Wheeler, supra. The question in this case of Railroad Co. v. Harris was whether the defendant railroad company was a person, and could be sued within the District of Columbia under acts of congress which require that a defendant should be an inhabitant of the state where the suit was brought, or should there be found. The corporation—the defendant against which the suit was brought —had been created by the state of Maryland, and authority had been given by the state of Virginia to extend the railroad into that state, and authority had also been given by congress to extend it into the District of Columbia, and the suit was brought in the District. The objection was taken that it was not competent to bring the suit there, because the defendant was not an inhabitant of the District, and was not there found. That objection was overruled by the court, although there was no act of congress in force that authorized a suit to be brought against a foreign corporation doing business in the District, and the court held that the railroad company had its habitat within the District of Columbia, so that process could be served upon one of the officers of the company.

The court says, in its opinion: "We see no reason why several states cannot, by competent legislation, unite in creating the same corporation, or in combining several pre-existing corporations into a single one." The court proceeds: "The jurisdictional effect of the existence of such a corporation, as regards the federal court, is the same as that of a copartnership of individual citizens residing in different states. Nor do we see any reason why one state may not make a corporation of another state, as there organized and conducted, a corporation of its own, quoad hoc any property within its territorial jurisdiction."

That is what has been done in this case, giving full scope, as claimed, to the allegations of the plea, namely: The state of Indiana has given authority to the corporation of the state of Illinois to hold property and

to operate a railroad within the state of Indiana.

"It is well settled," the court further remarks, "that corporations of one state may exercise their faculties in another, so far, and on such terms, and to such extent as may be permitted by the latter. We hold that the case before us is in this latter category. The question is always one of legislative intent, and not one of legislative power, or legal possibility. So far as there is anything in the language of the court in the case of Ohio & M. R. Co. v. Wheeler, in conflict with what has been here said, it is intended to be restrained and qualified by this opinion. We will add, however, that as the case appears in the report, we think the judgment of the court was correctly given. It was the case of an Indiana railroad company licensed by Ohio."

The court seems to consider that the case of Ohio & M. R. Co. v. Wheeler was substantially a suit brought by a corporation of Indiana against a citizen of Indiana, and therefore, the jurisdiction of the court could not be maintained.

The next case is Railroad Co. v. Whitton, 13 Wall. [80 U. S.] 270. Whitton was a citizen of Illinois, and caused the transfer of a suit against the Northwestern Railroad Company from the state court to the circuit court of the United States for the district of Wisconsin, alleging that the defendant was a corporation created by the laws of Wisconsin, and a citizen of that state. In fact the defendant, while it was a corporation created by the laws of Wisconsin, was also a corporation created by the laws of Illinois and of Michigan, and was a consolidated company under the authority of the three states, and operated a road throughout its entire length, in the three states by the same board of directors and by the same officers, and, therefore, had as complete unity as it is possible for two or more railroad corporations created by different states to have.

The objection was taken that as Whitton was a citizen of Illinois, and the defendant was also a citizen of Illinois, being a corporation created by that state, and consolidated with a corporation created by the states of Wisconsin and Michigan, in the nature of the case it was impossible to sever the corporations so as to give the federal court jurisdiction, and consequently it was true, as a matter of fact and law, that the plaintiff and defendant were citizens of Illinois, and so the court could not have jurisdiction.

That objection was overruled in the court below, and that ruling was sustained in the supreme court of the United States. Field, J., in giving the opinion of the court, said: "And here the objection to the jurisdiction arises, that the defendant is also a corporation under the laws of Illinois, and therefore is a citizen of the same state with the plaintiff. The answer to this position is obvious. In Wisconsin the laws of Illinois have no op-

eration. The defendant is a corporation, and as such a citizen, of Wisconsin by the laws of that state. It is not there a corporation or a citizen of any other state. Being there sued, it could only be brought into court as a citizen of that state, whatever its status or citizenship may be elsewhere."

So that when the suit was transferred to the federal court of Wisconsin, it mattered not that the defendant had a status and citizenship elsewhere, as in Illinois and Michigan, and that it was as a corporation a citizen of those states. It was in the suit in the state of Wisconsin to be treated only as a citizen of that state, and of course subject to the jurisdiction of the federal court as such, if the citizenship of the plaintiff authorized the suit to be transferred.

Muller v. Dows, 94 U. S. 444, was a case where a suit was originally brought in the federal court by several plaintiffs, one of whom was a citizen of the state of Missouri, against defendants, one of whom was a corporation of the state of Iowa; and if the corporation was a citizen of Missouri, of course there was no jurisdiction in the court. The defendant alleged, and it was conceded, that there were two corporations, one created by the laws of Iowa, and another by the laws of Missouri, and that they were a consolidated company, and the objection was that, being a consolidated company, the Iowa corporation was merged, or so connected with the Missouri corporation, that one of the plaintiffs could not maintain a suit in a federal court. It is to be observed that in these two cases last referred to there is nothing said about any license, but it is conceded that the corporations were to all intents and purposes, separate, entire corporations, created by the laws of the respective states, and that under those laws the railroad company had become a consolidated company, operated throughout by virtue of those laws.

Mr. Justice Strong, in giving the opinion of the court, and I believe this is the last decision of the court upon this subject, says: "Still it is argued on behalf of appellants, that the Chicago & Southwestern Railroad Company cannot claim to be a corporation created by the laws of Iowa, because it was formed by the consolidation of the Iowa company with another of the same name, chartered by the laws of Missouri, the consolidation having been allowed by the statute of each state. Hence, it is argued that the corporation was created by the laws of Iowa and of Missouri; and as Burnes, one of the plaintiffs, is a citizen of Missouri, it is inferred that the circuit court has no jurisdiction. We cannot assent to this inference." The court further says, "The laws of Missouri had no operation in Iowa. It is, however, unnecessary to discuss this subject further." The court then cites the case of Railroad Co. v. Whitton, supra, which is, it must be admitted, substantially like the case then under consideration.

Perhaps I ought to advert to the decision which was cited by counsel in Allegheny Co. v. Cleveland & P. R. Co., 51 Pa. St. 228. That, however, was assumed to be like the case of Ohio & M. R. Co. v. Wheeler, supra, and was decided upon the authority of that case.

Now the state of the law upon this subject, as decided by the supreme court of the United States, appears to be this: that the fact that there are railroad corporations created by different states, which have been consolidated under the laws of those states, and the railroad operated by virtue of that consolidation as one entire line of road, will not prevent the corporation from being sued in one of those states as a corporation created by the laws of that state, provided the plaintiff is a citizen of a state other than that of the state which creates the corporation. The only law that operates upon it is the law of its own state. If the corporation is a defendant, that is expressly decided by the court in the two cases last cited. Now, if that is so as to the defendant, why is there any difference where the plaintiff as a corporation brings the suit?

If the defendant corporation, though consolidated with another of a different state, can be sued in the federal court, in the state of its creation, as a citizen thereof, why can it not sue as a citizen of the state which created it? I can see no difference in principle. It seems to me that when the plaintiff comes into the federal court, if a corporation of another state, it is clothed with all the attributes of citizenship which the laws of that state confer, and the shareholders of that corporation must be conclusively regarded as citizens of the state which created the corporation, precisely the same as if it were a defendant. So I do not see why, if the plaintiff in this case alleges, as it does, that it is a corporation created by the laws of Illinois, it cannot institute a suit in the circuit court of the United States of Indiana, against a corporation of that state.

There is one question which we have considered, and about which, perhaps, there may be some doubt, and that is this: It is said by the defendants that this is a contract made by the two corporations, the one of Illinois and the other of Indiana, and as a united corporation of both states, and therefore that there is a defect of parties because the corporation created by the state of Indiana, and which is consolidated with the Illinois corporation, is not made a party. It may be admitted that there is considerable force in the objection. The bill alleges, as before stated, that by virtue of the laws of the two states, the plaintiff owns and operates a railroad in the two states between Terre Haute and East St. Louis. What would be the effect, if the Indiana corporation were made a party defendant in this case? We think that it would not oust the jurisdiction of the court, because, as already

stated, the two corporations must be considered as distinct, the one having its habitat in Illinois, and the other in Indiana, and the shareholders in one being conclusively considered as citizens of Illinois, and of the other as citizens of Indiana. But it is to be borne in mind that the Illinois corporation, as such, and by virtue of the laws of Illinois, holds and controls the whole line of the road from East St. Louis to the east boundary of Illinois, and that the Indiana corporation has only a small part of road between the termini, Terre Haute and East St. Louis and there is no controversy existing between the two corporations. There is no relief sought by the Illinois corporation against the Indiana corporation. If the Indiana corporation were a defendant, it would be only a nominal party against which no relief was asked, and between which and the plaintiff there was no controversy whatever; so that, while I think it would have been competent for the plaintiff to have made the Indiana corporation, which owned a part of its line, a party defendant, I do not think it is absolutely necessary for it so to do, because I am inclined to think that under the allegations of the bill and on the facts as they are conceded and under the law, the Indiana corporation as such would be estopped by any decree rendered in this case, and, therefore, I hold that the fact that the Indiana corporation is not made a party does not prevent the court from proceeding with the case.

At the same time, it seems to me that it might be desirable, and I suggest it, therefore, to the counsel of the plaintiff, for an allegation to be put in the bill of the fact of the existence of the Indiana corporation, or an allegation might be inserted that the Illinois corporation, represents, for all the equities sought by the bill, the Indiana corporation.

We hold, therefore, first, that a court of equity has jurisdiction of the case made by the bill. And, secondly, that the federal court of Indiana has jurisdiction of the case on account of the citizenship of the parties.

See, also, St. Louis, A. & T. H. R. Co. v. Indianapolis & St. L. R. Co. [Case No. 12,236.]

[NOTE. A final decree was entered for $664,-874.70, with costs, and an injunction against several of the defendants, from which both parties appealed to the supreme court. That court reversed the decree as to all defendants except the Indianapolis and St. Louis Railroad Company, 118 U. S. 290, 6 Sup. Ct. 1094. For hearing on the question of the jurisdiction of the circuit court, see Case No. 12,236.]