UPHOFF *v.* THE CHICAGO, ST. L. & N. O. R. Co.

*(Circuit Court, D. Kentucky. July, 1880.)*

1. CORPORATION—ADOPTION OF FOREIGN—JURISDICTION.—It is always a question of legislative intent whether the legislature of a state has adopted as its own a corporation of another state, or merely licensed it to do business in the state. If, however, the effect of the legislation be to adopt the corporation, it becomes, for the purposes of jurisdiction, a corporation created by the state adopting it.

2. REMOVAL OF CAUSES—CONSOLIDATED CORPORATION—RAILROADS.—The incorporators of a Kentucky corporation are conclusively presumed to be citizens of that state. *Held,* therefore, that a suit commenced in the state court by a citizen of Kentucky against a corporation chartered as a single consolidated company by the several states, including Kentucky, through which it operates a railroad, cannot be removed to the federal court, as a controversy between citizens of different states.

Motion to Remand.

*Bigger & Reid,* for plaintiff.

*Green & Gilbert,* for defendant.

HAMMOND, D. J., *(sitting by designation.)* The plaintiff sued the defendant corporation in the court of common pleas of Hickman county, Kentucky, for negligently killing her husband. The defendant removed the cause into this court, alleging in its petition that the plaintiff is a citizen of Kentucky and the defendant "a citizen" of Louisiana. The plaintiff has filed here a response to said petition admitting that the plaintiff is a citizen of Kentucky, but averring that "while it may be true the defendant was and is a citizen of the state of Louisiana, yet it is also true that the defendant is a corporation and citizen of the state of Kentucky, duly incorporated and made such citizen by an act of the general assembly of the commonwealth of Kentucky, approved March 11, 1878, with power as such corporation and citizen to sue and be sued and contract in the state of Kentucky." The motion of the plaintiff is now made to remand the cause to the state court for want of jurisdiction. It is to be observed that the response to the petition for removal admits that the defendant corporation is "a citizen" of Louisiana, but avers

that it is also "a citizen" of Kentucky, and alleges its incorporation by that state, while, on the other hand, the petition for removal does not aver that the defendant corporation was incorporated by the laws of Louisiana, but simply that it was and is "a citizen" of that state, nor does it otherwise appear by the pleadings that the defendant corporation was chartered by the laws of Louisiana.

Whether the case falls within the principle of the case of the *Lafayette Ins. Co.* v. *French,* 18 How. 404, or that of the *Covington Draw-bridge Co.* v. *Shepherd,* 20 How. 227, I need not stop to inquire, because no objection is taken to the defective averment, and the case having been submitted without reference to it in the briefs of counsel, it is, I presume, intentionally waived.

The facts, then, are that, by the laws of Louisiana and Mississippi, a railroad company was chartered and operating a line of road from New Orleans to Jackson, Mississippi, and another corporation, under the laws of Mississippi and Tennessee, was operating a line of road from Jackson, Mississippi, to Jackson, Tennessee, and thence on to the southern line of Kentucky. By an act of the general assembly of Kentucky, approved March 18, 1872, c. 585, entitled "An act to authorize the Mississippi Central Railroad Company to extend their road into and through the state of Kentucky," the said corporation was "declared a body politic and corporate," etc., and authorized to construct and operate its road through Kentucky to the Ohio river, or some convenient point on the Mississippi river. In November, 1877, the two corporations before mentioned were, by appropriate legislation in Louisiana, Mississippi, and Tennessee, consolidated into one; and by an act approved March 11, 1878, c. 395, the general assembly of Kentucky ratified the former act and the consolidation, and chartered the new consolidated company in Kentucky.

In the case of *Blackburn* v. *Selma R. Co.,* in the western district of Tennessee, (MSS. December 20, 1879,) where the question was whether the legislation of Tennessee in regard to a corporation chartered by Mississippi and Alabama merely

authorized a non-resident corporation to do business in that state, or created a Tennessee corporation, I had occasion to examine the cases, and found that it has been held that it is a question of legislative intention to be deduced from a proper construction of the statutes. If the effect of the legislation be to license a foreign corporation to do business in the state, it does not become a corporation of that state, but is suable there as any other non-resident "found within the district" would be, under the acts of congress regulating jurisdiction. But if the effect be to create a corporation by adopting one chartered in another state, its *status* is the same as if it had been originally and solely incorporated by the state adopting it. *Railroad Co.* v. *Harris*, 12 Wall. 65; *Railroad Co.* v. *Wheeler*, 1 Black, 286; *Railway Co.* v. *Whitton*, 13 Wall. 270; *Muller* v. *Dows*, 94 U. S. 444; *Ex parte Schollenberger*, 96 U. S. 369; *Railroad* v. *Vance*, Id. 450; *Williams* v. *Railroad Co.* 3 Dill. 267; *Wilson Co.* v. *Hunter*, 11 Chi. Leg. News, 207.

I should think the first of the Kentucky statutes above referred to had no other effect than to authorize the Missis-. sippi Central Railroad Company to do business in Kentucky, were it not that the second act seems designed to remove any possible doubt on the subject by making it distinctly a Kentucky corporation. It is clearly a case of the adoption by Kentucky of the consolidated corporation as its own, and it must be held to be a Kentucky corporation, at least for all purposes of jurisdiction. Does the fact that the corporation has an original existence in Louisiana affect the question of jurisdiction so that a suit against it may be removed into this court? Although the law of corporations abounds in fictions,—the chief of which is that it is "a person,"—the supreme court has persistently denied that it can be "a citizen" in the sense of the constitution, and has created another fiction, that, within the purview of the law regulating the jurisdiction of the federal courts, all the incorporators must *conclusively* be presumed to be citizens of the state creating the corporation, and has held that this presumption shall not be averred against to oust the jurisdiction. Hence, while we may know that this adoption by Kentucky of a non-resident

corporation composed of citizens of another state has the effect to create a corporation not composed of citizens of Kentucky, we must conclusively presume that they are. *Railroad* v. *Letson*, 2 How. 497; *Marshall* v. *Railroad*, 16 How. 314; *Muller* v. *Dows, supra.*

This fiction has been repeatedly resorted to in support of the jurisdiction of the federal courts, and must, necessarily, be as efficacious to defeat it in a case like this. The fact that these presumptive citizens of Kentucky are, by like presumption, at the same time citizens of Tennessee, Mississippi, and Louisiana, by reason of charters granted in those states, cannot alter the principle. The plaintiff here is a citizen of Kentucky, and the defendants (a corporation) are, by this conclusive presumption, citizens of the same state, and, therefore, the conditions required by the constitution to give us jurisdiction do not exist. Neither can the fact that these incorporators, owning charters in several states, have authority of law to conduct their business as a single or consolidated corporation change this result. In each state, by operation of this presumption, they are conclusively held to be citizens of that state, *and of that state alone.* This seems to me to be the principle that underlies the question, and to be conclusive against the jurisdiction.

It is said, in the case of the *Bank of Augusta* v. *Earle*, 13 Peters, 519, that a corporation can have no legal existence out of the bounds of the sovereignty by which it is created. It exists only in contemplation of law and by force of the law, and where that law ceases to operate the corporation can have no existence. It must dwell in the place of its existence. And this was reiterated in *Marshall* v. *Railroad, supra,* 16 How. 328. It may contract, sue, and be sued elsewhere, but when we come to the question of its residence or *habitat,* it must be taken to be in the state which created it. *Dodge* v. *Woolsey,* 18 How. 331; *Wheeling* v. *Baltimore,* 1 Hughes, 90. Reviewing the decisions on the subject, the circuit court of Indiana held that the fact of consolidation cannot oust the jurisdiction of the federal courts in either state creating the corporation, provided the adverse party be a citizen of another

state than that in which the suit is brought, as I understand the case. *St. Louis Railroad* v. *Indianapolis Railroad,* 12 Chi. Leg. News, 73. And in Pennsylvania the circuit court remanded a cause, sought to be removed under circumstances . as to jurisdiction, precisely like the case now under consideration. *Johnson* v. *Railroad,* 1 Am. L. Rev. (N. S.) 457.

It may be a test of the soundness of the judgment here rendered to consider whether, under its operation, it would be competent for this consolidated corporation to ignore its Kentucky existence, and, describing itself as a corporation under the laws of Louisiana, sue a citizen of Kentucky in this court, or whether a citizen of Kentucky, ignoring the Kentucky statutes, might sue it in this court as a Louisiana corporation "found within this district;" and, if either be admissible, why the same right to choose the capacity in which it shall conduct the litigation does not exist in favor of the right of removal when sued in the state courts; and, as the plaintiff recovering a judgment in this case may seek to conclude this corporation in an action on the judgment in any of the other states wherein it has been chartered, it is not without force to say that while the plaintiff is suing a corporation of Kentucky, she is also, as a fact, suing a corporation of three other states as well.

That there are perplexities connected with this subject not resolved by any authoritative decision will occur to any one who examines the cases, but until they are so resolved we can only leave them to be ruled upon as they arise in actual practice. We can only say now that while there are no limitations upon the plenary jurisdiction of the state courts in which home and foreign corporations doing business in the state are alike suable by all persons, our jurisdiction depends solely upon the citizenship of the parties, and they can only submit to whatever results come of this limitation and their necessities.

There is nothing in the process, petition, or other part of the record of the state court in this case that shows anything whatever as to the citizenship of the parties. The plaintiff is not there described, nor need she be, as a citizen

of any state, nor is the defendant described as a corporation of any state. The assumption of the defendant is that the plaintiff has sued the *Louisiana* corporation, but it might just as well be assumed that she has sued the Mississippi, Tennessee, or *Kentucky* corporation, for anything appearing to the contrary in her pleadings or the record she has made.

The petition for removal avers that the defendant is a corporation of Louisiana, and the plaintiff a citizen of Kentucky; and while the plea in abatement, in terms, admits this, it further avers that the defendant is a Kentucky corporation, and the fact is so. Now, a plaintiff in the institution of a suit may ordinarily choose the party to be sued, and if she has, in this case, chosen to sue the Kentucky corporation, there seems to be no reason why it shall be assumed that she is suing a corporation of another state. If she had described the defendant as a corporation of Louisiana in her suit, perhaps the right of removal might exist; but, in the absence of any indication of an intention on her part to sue a non-resident corporation, it would be a fair inference that she was suing the Kentucky corporation and not the others. However this may be, we are a court sitting in Kentucky, and find here a corporation, under the laws of Kentucky, sued in the courts of that state, and cannot, I think, assume, in favor of our jurisdiction, that another corporation identical in name, and the persons composing it chartered by another state, is the one sued by the plaintiff. A court sitting in Kentucky should rather assume, nothing appearing to the contrary, that it is the *home* corporation that is sued. The fiction on which we proceed here establishes *conclusively* that this Kentucky corporation is composed *exclusively* of citizens of that state, and the laws of other states cannot operate to make it otherwise. It appears to me a necessary result that this court has no jurisdiction.

Remand the cause.

NOTE. See *C. & W. I. R. Co.* v. *L. S. & M. S. Ry. Co., ante,* 19.