## BURGER *v.* GRAND RAPIDS & I. R. Co.

*(Circuit Court, D. Indiana.* 1884.)

1. JURISDICTION OF CIRCUIT COURT—CONSOLIDATED RAILROAD CORPORATION—CITIZENSHIP.

   A railroad corporation composed of two corporations created in the state of Michigan and one created in the state of Indiana, consolidated and merged into a single corporation under the laws of both states, owning and operating a single continuous line of road from a certain point in one state to a point in the other, is a citizen of the state of Indiana as well as of Michigan, and cannot be sued by a citizen of Indiana in the circuit court of the United States for the district of Indiana.

2. SAME—CAUSE OF ACTION ARISING IN MICHIGAN.

   In such an action the fact that the injury complained of was suffered in Michigan is not material to the question of jurisdiction. *Horne* v. *Boston & M. R. R. Co.* 18 FED. REP. 50, followed.

Demurrer to Plea in Abatement.

*D. M. Ninde,* for plaintiff.

*A. A. Chapin,* for defendant.

WOODS, J. The plaintiff complains of personal injuries caused by the negligence of the defendant, alleging, among other things, that the defendant is a corporation organized under the laws of Michigan and a citizen of that state; that the injury complained of was received in that state; and that the plaintiff is a citizen and resident of Indiana. The plea in question is to the effect that the defendant is also a corporation organized under the laws of Indiana, and therefore a citizen of that state as well as of Michigan, being a consolidated body under the laws of both states, composed of two corporations created in Michigan and another created in Indiana, and in 1857 consolidated and merged into a single company under the name of "The Grand Rapids & Indiana Railroad Company," which owns and operates a single and continuous line of railroad from Ft. Wayne, Indiana, to Grand Rapids, Michigan. The precise question presented by this plea, I believe, has never been authoritatively decided, though it has sometimes been stated in opinions delivered in analogous cases, and in one instance, at least, an opinion upon it has been expressed. See *Uphoff* v. *Chicago, St. L. & N. O. R. Co.* 5 FED. REP. 545; *Nashua & L. R. Corp.* v. *Boston & L. R. Corp.* 8 FED. REP. 458; S. C. 19 FED. REP. 804. In the latter case the plaintiff, being a consolidated company composed of New Hampshire and Massachusetts corporations, brought an action in the federal court in and against another corporation of the latter state, and, in discussing the question of jurisdiction, when the case was first under consideration, NELSON, J., said:

"In this case it seems that the defendant corporation might go into New Hampshire, and there sue the plaintiff as a New Hampshire corporation in the federal court, although it could not bring such suit in the district of Massachusetts against the New Hampshire corporation, because no service upon the New Hampshire corporation as such could be got in this district, if for no other reason. It has been determined by Judge LOWELL that in some cases

v.22F,no.10—36

non-resident corporations may be served with process from United States courts in other districts than those in which they were chartered, and where they are found to be doing business or domiciled: But this rule would not, we suppose, extend to a case like the present."

In the other case it was decided that such a company, when sued in one of the states in which it had been organized, by a citizen of that state, cannot, by showing its organization in another state, procure a removal of the cause from the state to the federal court; and discussing the question, HAMMOND, J., said:

"It may be a test of the soundness of the judgment here rendered to consider whether, under its operation, it would be competent for this consolidated corporation to ignore its Kentucky existence, and, describing itself as a corporation under the laws of Louisiana, sue a citizen of Kentucky in this court, (sitting in Kentucky,) or whether a citizen of Kentucky, ignoring the Kentucky statutes, might sue it in this court as a Louisiana corporation 'found' within this district; and, if either be admissible, why the same right to choose the capacity in which it shall conduct the litigation does not exist in favor of the right of removal when sued in the state courts."

In other cases besides the *Nashua & L. Corp.* v. *Boston & L. Corp.,* already cited, it has been held that a corporation organized and consolidated under the laws of two states, describing itself as a corporation of any one of them, and ignoring the statutes of the other, may sue a citizen of the latter in the federal court there sitting. *St. Louis, A. & T. H. R. Co.* v. *Indianapolis & St. L. R. Co.* 9 Biss. 144; *Chicago & N. W. R. Co.* v. *Chicago & P. R. Co.* 6 Biss. 219. And in respect to the other phase of the proposed test, the view expressed by Judge NELSON has already been quoted. In the opinion of the supreme court in the case of *Railway Co.* v. *Whitton,* 13 Wall. 271, 283, followed and reaffirmed in *Muller* v. *Dows,* 94 U. S. 444, 448, language is used which points to the same conclusion, and, if taken literally, does not admit of a different meaning. The defendant in the case was a consolidated body made up of corporations of Illinois and Wisconsin, and the court said:

"The defendant, therefore, must be regarded for the purposes of this action as a citizen of Wisconsin. But it is said, and here the objection to the jurisdiction arises, that the defendant is also a corporation under the laws of Illinois, and therefore is also a citizen of the same state with the plaintiff. The answer to this position is obvious. In Wisconsin the laws of Illinois have no operation. The defendant is a corporation, and as such a citizen of Wisconsin by the laws of that state. It is not *there* a corporation or a citizen of any other state; being there served it can only be brought into court as a citizen of that state, whatever its *status* or citizenship may be elsewhere."

While at common law a corporation may not migrate, but must dwell in the place of its creation, and cannot be sued elsewhere, yet under the laws of congress and of the states it may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place. "One of these conditions may be that it shall consent to be sued there. If it do business there it will be presumed to have assented, and will be bound accordingly. For

the purposes of federal jurisdiction it is regarded as if it were a citizen of the state where it was created, and no averment or proof as to the citizenship of its members elsewhere will be permitted." *Railroad Co.* v. *Harris,* 12 Wall. 65.

In the case last cited it is also said:

"We see no reason why several states cannot, by competent legislation, unite in creating the same corporation, or in combining several pre-existing corporations into a single one. The jurisdictional effect of the existence of such a corporation, as regards the federal courts, is the same as that of a copartnership of individual citizens residing in different states." See, also, *St. Clair* v. *Cox,* 106 U S. 350; S. C. 1 Sup. Ct. Rep. 354; *Ex parte Shollenberger,* 96 U. S. 369; *Railroad Co.* v. *Koontz,* 104 U. S. 5; *Life Ins. Co.* v. *Woodworth,* 111 U. S. 138; S. C. 4 Sup. Ct. Rep. 364: *Railroad Co.* v. *Railroad Co.* 10 FED. REP. 497; *Callahan* v. *Railroad Co.* 11 FED. REP. 536.

In *Railroad Co.* v. *Wheeler,* 1 Black, 297, the supreme court at an earlier date, speaking of a consolidated company, had said:

"The president and directors of the Ohio & Mississippi Railroad Company is, therefore, a distinct and separate corporate body in Indiana from the corporate body of the same name in Ohio, and they cannot be joined in a suit as one and the same plaintiff, nor maintain a suit in that character against a citizen of Ohio or Indiana in a circuit court of the United States."

The statutes of Indiana provide for suits against foreign corporations doing business in the state, and for service of process upon agents found in charge of such business. Rev. St. 1881, §§ 3022, 3030. But in respect to consolidated bodies, having a *chartered* existence both in this and in a foreign state or states, it seems quite doubtful whether these statutes, which in terms embrace only "corporations not incorporated or organized in this state," can be considered applicable. It is not known to the court that any executive or administrative officer has ever demanded of such companies a compliance with these or other statutes in respect to foreign corporations; and the decisions of the supreme court of the state, though not directly in point, indicate views more in harmony with the declaration in *Railway Co.* v. *Whitton,* which is to the effect that in Indiana the defendant can be sued only as a citizen of that state, "whatever its *status* or citizenship may be elsewhere." It is to be observed that there has been an appearance for the defendant, and, consequently, there is involved here no direct question in respect to process or the service of process; but this, as I suppose, does not impair the argument which, if sound, establishes that notwithstanding the defendant, as chartered in Michigan, is a separate and foreign body, and as such, in this instance, was sued and appeared to the action, it had the right, upon its appearance, to plead its consolidated charter, granted under the laws of both states, and to insist that in either of those states it can be sued only as a domestic corporation. If this conclusion involves injustice, or an apparent inconsistency with the cases cited, wherein it was held that such a corporation, by describing itself as a creature of one state, may ignore its existence in

another state, and maintain a suit in the latter as a foreign citizen, it results from the common-law doctrine, which, in respect to this class of corporations, has not been modified, either by congressional or by state legislation, that a corporation is "exempt from suit in a state other than that of its creation."

As is said in *St. Clair* v. *Cox, supra:*

"This doctrine was the cause of much inconvenience, and often of manifest injustice. To meet and obviate this inconvenience and injustice, the legislatures of the several states interposed, and provided for service of process on officers and agents of foreign corporations doing business therein. While the theoretical and legal view, that the domicile of a corporation is only in the state where it is created, was admitted, it was perceived that when a foreign corporation sent its officers and agents into other states, and opened offices and carried on business there, it was in effect as much represented by them there as in the state of its creation. As it was protected by the laws of those states, allowed to carry on its business within their borders, and to sue in their courts, it seemed only right it should be held responsible in those courts to obligations and liabilities there incurred."

But while the legislation of the states applies to foreign corporations generally, it does not—that of Indiana certainly does not—in terms nor by fair intendment embrace consolidated bodies which have a domestic as well as foreign character and domicile, and hence, as already stated, must be regarded as still within the common-law rule. The question, it must be conceded, is involved in perplexity. But as between the right of such a corporation to sue, and its exemption from suit, as a foreign body, in any state where it has a chartered existence, the right to sue seems to me, both on principle and on authority, to be the more doubtful. The right to sue, while declared upon the circuit bench in the cases cited, has not yet, I believe, been recognized by the supreme court. The conclusion which I have reached is in some measure fortified, perhaps, by the consideration that if judgment could be given in this action against the defendant as a Michigan corporation, it would be binding upon the company in this state as well as in Michigan, and might be enforced by execution issued directly against the property of the company here. The property of one company is the property of the other. According to the decision in *Horne* v. *Boston & M. R. R.* 18 FED. REP. 50, the fact that the injury complained of was suffered in Michigan is not material to the question of jurisdiction.

Demurrer overruled.