COLGLAZIER *v.* LOUISVILLE, N. A. & C. RY. CO.

*(Circuit Court, D. Indiana. 1884.)*

REMOVAL OF CAUSE—CORPORATION CREATED IN SEVERAL STATES—CITIZENSHIP.
    A railroad corporation organized under the laws of Indiana and of Kentucky
    is a citizen of both states, and an action instituted against it in a state court in
    Indiana by a citizen of that state cannot be removed to the United States cir-
    cuit court on the ground of citizenship.

Law.   Motion to remand.

*Saml. B. Voyles,* for plaintiff.

*Geo. W. Friedley,* for defendant.

WOODS, J.   The action was commenced in a state court,—the cir-
cuit court of Washington county.   The complaint charges that the
defendant was, on the twenty-fourth day of December, 1883, "the
owner of a certain railroad known as and called the Louisville, New
Albany & Chicago Railway; that said railway extended from the
city of Louisville, in the state of Kentucky, to the city of Chicago,
in the state of Illinois;" and that on that day, at the town of Sa-
lem, Washington county, Indiana, through which town, county, and
state said road passes, the plaintiff, as a passenger, entered one
of the cars of said railway company to be carried from Salem to
Louisville, and that by reason of a defective bridge the car was pre-
cipitated into Blue river, in said county, whereby the plaintiff suf-
fered injury, etc.   Process was served upon an agent of the defend-
ant at Salem, Indiana.   The defendant appeared and moved for a
transfer of the cause to this court, for the reason, as stated in the
petition for removal, that the defendant "is, and was at the com-
mencement of the action, a corporation, duly created such by an act
of the general assembly of the commonwealth of Kentucky, and doing
business, and has now and had then its chief office, in the state of
Kentucky, and is a citizen of said state of Kentucky; and that the
plaintiff is, and was at the commencement of this action, a citizen
of the state of Indiana; and that the matter and amount in contro-
versy exceeds," etc.

The motion to remand is made upon three grounds:   (1) The
cause was certified to this court before the issues were formed;  (2)
the cause was removed upon a petition which does not affirmatively
state that the defendant was and is not a citizen of Indiana;  (3)
that at the time of the removal the defendant was and still is a corpo-
ration duly organized under the laws of Indiana, and was then and
still is a citizen of both the states of Kentucky and Indiana by rea-
son of its organization in said states respectively.

The third cause is supported by proof of its truth, and brings the
case within the authority of the decision in *Chicago & W. I. R. Co.*
v. *Lake Shore & M. S. Ry. Co.* 10 Biss. 122; S. C. 5 FED. REP. 19.   See,
also, *Copeland* v. *Memphis, etc., Co.* 3 Woods, 651; *Chicago & W. I.*

*R. Co.* v. *Lake Shore & M. S. Ry. Co.* 5 FED. REP. 19; *Uphoff* v. *Chicago, St. L. & N. O. R. Co.* Id. 545; *Nashua & L. R. Co.* v. *Boston & L. R. Co.* 8 FED. REP. 458; *Johnson* v. *Philadelphia, W. & B. R. Co.* 9 FED. REP. 6; *Horne* v. *Boston & M. R. Co.* 18 FED. REP. 50; *St. Louis, A. & T. H. R. Co.* v. *Indianapolis & St. L. R. Co.* 9 Biss. 144; *Muller* v. *Dows,* 94 U. S. 444.

Cause remanded.