WILLIAM BURFENNING vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA
RAILWAY COMPANY.

April 3, 1891.

Pre-emption or Homestead Entry of Land in Towns—Void Patent.—
Government lands included within the limits of any incorporated town
are not subject to pre-emption or homestead entry. The land department
has no jurisdiction to allow such entries under any circumstances, and a
patent issued upon a homestead entry of land included within that class
is void.

City Charter—Public Act.—The charter of the city of Minneapolis, which
shows on its face what lands are included within the city, is made a pub-
lic act, and the courts are bound to take notice of its provisions without
proof, and without notice of the act in the pleadings.

Ejectment, brought in the district court for Hennepin county, and
tried by *Hooker*, J.; (a jury being waived,) who ordered judgment
for defendant. The plaintiff appeals from an order refusing a new
trial.

*James W. Lawrence*, for appellant.

*James H. Howe* and *S. L. Perrin*, for respondent.

VANDERBURGH, J. In *Minn. Land & Investment Co.* v. *Davis*, 40
Minn. 455, 457, (42 N. W. Rep. 299,) it appeared that the secretary
of the interior had certified to the state, as provided by law, certain
land-grant lands lying in place within the 10-mile limit of the grant
to the Winona & St. Peter Railroad Company; and it was held that
the title presumptively passed to the state, and if any particular
tract, by reason of homestead or pre-emption claims thereon, should
have been excepted from the certificate, which had the force and
effect of a patent, the burden would have rested upon the party as-
serting an adverse claim to the land to seek in the appropriate ac-
tion to have the error corrected. It was a matter within the juris-
diction of the secretary of the interior to certify such lands, and he
had authority, as it was made his duty, to determine whether any par-
ticular parcels of land ought to be excepted. On the other hand,
in *Wilcox* v. *Jackson*, 13 Pet. 498, 511, in a pre-emption case, the

general doctrine was enunciated that, if the land-officers undertake to grant pre-emptions of land in which the law declares they shall not be granted, then they are acting upon a subject-matter clearly not within their jurisdiction, and the court held such unauthorized pre-emption absolutely void. This case differs from the one first referred to, in that the United States land-officers had not by law any jurisdiction to allow a pre-emption of that class of lands under any circumstances. This distinction runs through all the cases. *Smelting Co.* v. *Kemp,* 104 U. S. 636.

In the case at bar the plaintiff brings an action of ejectment against the defendant, alleging title to the premises in question, and the defendant answers, denying plaintiff's title and alleging ownership. The plaintiff must, therefore, recover upon the strength of his own title, which rests upon a patent purporting on its face to have been issued upon a homestead entry of the lands, under and in pursuance of the act of congress of May 20, 1862. This patent was offered in evidence on the trial by the plaintiff, together with the homestead-entry papers, showing the application and proceedings before the land-officers. The evidence was rejected by the trial court, on the ground that the patent and all prior proceedings were void, and that it was issued without authority of law, and against the law. Only such lands may be taken and entered as homesteads under the laws of the United States as are subject to pre-emption. And by section 2258, Rev. St. U. S., it is declared that "the following classes of lands, unless otherwise specially provided for by law, shall not be subject to the rights of pre-emption, to wit: *First,* lands included in any reservation," etc.; "*second,* lands included within the limits of any incorporated town, or selected as the site of a city or town; *third,* lands actually settled and occupied for purposes of trade and business, and not for agriculture; *fourth,* lands on which are situated any known salines or mines." It was obviously the purpose of the government to exclude such lands as might be of peculiar or exceptional value. The lands in question here, and described in the patent, are government lots 8, 9, and 10, in section 22, and government lot 9, in section 15, in township 29 North, of range 24 West, in Minnesota, containing 1 95-100 acres. At the time this homestead application and

entry were made, the city of Minneapolis had been incorporated as a city, and the land in question was embraced within the limits thereof, as expressly appears by the charter; and the charter of the city at that time contained the following provision: "This city charter shall be a public act, and need not be pleaded nor proved in any case." When the patent and homestead-entry papers were offered by plaintiff to establish his title, the court was bound to take notice of the city charter, and of the fact that the lands were embraced within the limits of the city, without proof and without notice of the fact in the pleadings. *Covington Drawbridge Co.* v. *Shepherd*, 20 How. 227, 232. It appeared, therefore, that the land upon which the patent was issued was within the second class above specified, and that the entry thereof was contrary to law. The evidence, therefore, was properly rejected. The land-department had no jurisdiction to receive the application. There was no authority of law for initiating the proceedings. The land-officers were bound to know the limits of their jurisdiction, and both they and the applicant were bound to take notice of the fact that the land was within the limits of an incorporated city, and not subject to pre-emption. All the material questions in this case are covered by the decision of Justice Miller in *Root* v. *Shields*, 1 Woolw. 340, 364, where it appeared that the defendant, Shields, had pre-empted and received a patent for land embraced within the limits of the city of Omaha, and the court held that the patentee, Shields, did not even take an equity, but that the entry was void; that he took nothing, and could convey nothing to his grantees; and that both he and they were bound to know that fact.

Order affirmed.