HOULTON, Appellant, vs. THE CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY and another, Respondents.

*September 9 — September 26, 1893.*

*Public lands: Pre-emption of land within limits of city: Judicial notice.*

1. Judicial notice will be taken of the fact that lands sought to be acquired under the pre-emption laws of the United States were within the corporate limits of a city, and not subject to pre-emption, under sec. 2258, R. S. of U. S.
2. The act of Congress of March 3, 1877, providing that "the existence or incorporation of any town on the public lands of the United States shall not be held to exclude from pre-emption . . . a greater quantity than 2,560 acres of land," does not apply to a city laid out mostly on private lands but including some of the lands of the United States.

APPEAL from the Circuit Court for *Douglas* County.

The case is stated in the opinion. The plaintiff appeals from a judgment in favor of the defendants.

Houlton vs. Chicago, St. Paul, Minneapolis & Omaha R. Co. and another.

For the appellant there was a brief by *J. M. Gilman* and *Loud & O'Brien*, and oral argument by *P. H. O'Brien*. They contended, *inter alia*, that the act of Congress of March 3, 1877, applies in all cases where more than 2,560 acres have been included within the limits of a town or city, whether such town or city exists or was incorporated upon the public lands of the United States, or upon private lands, the limits of which were made to embrace public lands of the United States. *Lewis v. Seattle*, 1 L. D. 497 (501), 8 Copp's Land Owner, 143; *Philipson's Case*, 3 L. D. 77; *Harper v. Grand Junction*, 16 id. 127; *Alger v. Hill*, 2 Wash. 344.

For the respondents there was a brief by *Thos. Wilson* and *S. L. Perrin;* for the respondent *Northern Pacific Railroad Company* there was a separate brief by *F. M. Dudley, J. B. McNamee*, and *Louis Hanitch;* and the cause was argued orally by *Mr. Wilson* and *Mr. McNamee*.

ORTON, J.   The complaint in this action is based upon the following facts, briefly stated:

Lots 6 and 7, section 29, range 14 W., are a part of the public lands of the United States, vacant, unoccupied, and have never yet been offered for sale, and are situated within the town site and corporate limits of the city of Superior. On the 4th day of September, 1890, the plaintiff settled and improved said lots with a view and for the purpose of acquiring the same under the pre-emption laws of the United States, and was duly qualified by residence and citizenship and in all other respects, and complied with all the requirements of the pre-emption laws and the rules of the land department to entitle him to a pre-emption of the same.   On the 8th day of November, 1890, he duly presented to the register and receiver of the land office of the United States for the district in which said lands are situated his declaratory statement in due form for the pre-emption of the same,

Houlton vs. Chicago, St. Paul, Minneapolis & Omaha R. Co. and another.

and offered to pay the fees required therewith, and was ready to make his proofs and payment, and is still ready to do so, in order to acquire title to the same. But said register and receiver rejected the same, alleging that said lands were railroad lands and not subject to pre-emption for that reason. The plaintiff thereupon appealed from said decision to the commissioner of the general land office, and duly forwarded to him the papers in the case, but no action has been taken thereon. The defendant railroad companies claim said lots as a part of their grants by the United States for railroad purposes, and that they hold the same by patents from the United States. The plaintiff claims that said lands at the time were not subject to be thus granted by reason of a subsisting pre-emption right in one Heller Benild, who settled upon and improved the same for that purpose, and was then residing thereon, and had paid the fees and filed his declaratory statement, and that therefore said companies never acquired any right thereto. The plaintiff asks judgment that one of said companies holds said lands in trust for him, and that it convey and release to him the title it has by its grant and patent, and that the *Northern Pacific Railroad Company* be decreed to have no title thereto.

This is the substance of the complaint. The defendant companies each demurred to the complaint on the ground that it does not state facts which constitute a cause of action. The circuit court sustained said demurrers, and dismissed the complaint, and entered judgment in favor of the defendants for their costs and disbursements, and the plaintiff appeals from said judgment.

The circuit court correctly held that it could take judicial notice of the fact that said lands, at the time the plaintiff offered to file his declaratory statement for a pre-emption, were, and still are, within the corporate limits of the city of Superior, which city then existed as a duly in-

corporated city under the laws of this state, and that, being so, said lands were not and are not subject to be taken under the pre-emption laws of the United States, by reason of sec. 2258, R. S. of U. S.

That being the only question considered and decided by the circuit court, and, if decided correctly, is fatal to the plaintiff's case, we shall consider that question only on this appeal. The following are the only two provisions of the laws of the United States applicable to the question. The above sec. 2258 is as follows: "The following classes of lands, unless otherwise specially provided for by law, shall not be subject to the rights of pre-emption, to wit: . . . Second. Lands included within the limits of any incorporated town, or selected as the site of a city or town." The act of Congress of March 3, 1877 (19 Statutes at Large, 392), provides as follows: "That the existence or incorporation of any town on the public lands of the United States shall not be held to exclude from pre-emption or homestead entry a greater quantity than twenty-five hundred and sixty acres of land, or the maximum area which may be entered as a town site under existing laws, unless the entire tract claimed or incorporated as such town site, including and in excess of the area above specified, be actually settled upon, inhabited, improved and used for business and municipal purposes." The question depends entirely on the construction of these two provisions, taken together.

The learned counsel of the appellant contends that Congress came to the relief of the settlers on the public lands within incorporated sites, and protected their rights of pre-emption on any lands in excess of 2,560 acres, and that said act of March 3, 1877, is applicable to all town sites in which there are any of the public lands of the United States, and therefore applicable to the town site of SuperiorCity, and that the plaintiff's pre-emption is protected because it is on the lands in excess of the 2,560 acres. On the other hand,

the learned counsel of the respondents contend that said act has no application to incorporated cities laid out on lands mainly of private ownership, and partly on the public lands of the United States, like Superior City, Minneapolis, or Omaha, and that in such cities all pre-emptions are prohibited by said sec. 2258. This last contention appears to us to be correct from the clear and obvious meaning of the act. The language, "the existence or incorporation of *any town on the public lands of the United States*, or entered as a town site," is a very clear limitation of the act to town sites or incorporated cities laid out *exclusively* on the public lands of the United States, according to the laws of the United States; and the act has no application to the city of Superior or that class of cities, laid out mostly on private lands, but which may include some of the lands of the United States. The section has application to public lands "*included within the limits* of any incorporated town," as the lands in question happen to be included in the city of Superior. But it is sufficient that the act of Congress has no application to lands so situated. This section was applied to prohibit pre-emptions in the city of Minneapolis in *Burfenning v. C., St. P., M. & O. R. Co.* 46 Minn. 20, and in the city of Omaha, in *Root v. Shields*, 1 Woolw. (U. S.), 340–346, by Mr. Justice MILLER. It is true this last act was not considered in those cases, but the language of that act is too clear for any such construction as is contended for. The demurrers were properly sustained.

*By the Court.*— The judgment of the circuit court is affirmed.