THE COVINGTON DRAWBRIDGE COMPANY, PLAINTIFFS IN ERROR, *v.* ALEXANDER O. SHEPHERD, ELIJAH F. GILLAN, JAMES DAVIDSON, SAMUEL McCLURE SAMUEL PETERS, AND GEORGE WILLARD.

An averment, in pleading, that the Covington Drawbridge Company were citizens of Indiana was sufficient to give jurisdiction to the Circuit Court of the United States, because the company was incorporated by a public statute of the State which the court was bound judicially to notice.

The former decisions of this court upon this subject examined.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the district of Indiana.

Shepherd and the other defendants in error, styling themselves citizens of Ohio, brought an action of trespass on the case against the Covington Drawbridge Company, citizens of the State of Indiana, for injuries sustained by a steamboat belonging to the plaintiffs, in consequence of negligence in attending to the draw. The defendants pleaded not guilty, and the case was tried by a jury, who found a verdict for the plaintiffs, awarding $6,084.93. There were no prayers to the

court or bills of exceptions. But the defendants sued out a writ of error, and brought the case up to this court, upon the ground that "the Circuit Court had no jurisdiction of the cause. The averment of the citizenship of the defendants below, as stated in the declaration, is not sufficient to give jurisdiction to the court."

It was argued by *Mr. O. H. Smith* for the plaintiffs in error, and submitted on printed argument by *Mr. R. W. Thompson* for defendants.

*Mr. Smith* contended that the declaration did not give jurisdiction to the court. The only part of the declaration that refers to the citizenship of the parties is in these words: "Alexander O. Shepherd, James Davidson, Elijah F. Gillan, Samuel McClure, Samuel Peters, and George Willard, citizens of the State of Ohio, complain of the Covington Drawbridge Company, citizens of the State of Indiana, defendants in this suit, in a plea of trespass on the case."

I refer to the following authorities, showing that the question is *res adjudicata*, in this court: Bingham *v.* Cabot, 1 Curtis, 267; Emory *v.* Greenough, ib., 265; Turner *v.* Enville, ib., 311; Abercombie *v.* Dupins, ib., 422; Wood *v.* Wagnon, ib., 427; Marshall *v.* Baltimore and Ohio Railroad Company, 16 How., 314; Lafayette Insurance Company *v.* Maynard French et al., November term, 1855, Supreme Court of the United States; this latter case decides the very question. Mr. Justice Curtis, in the opinion of the court, says: "In the declaration, the plaintiffs are averred to be citizens of Ohio, and they complain of the Lafayette Insurance Company, a citizen of the State of Indiana." "*This averment is not sufficient to show jurisdiction.* It does not appear from it that the Lafayette Insurance Company is a corporation, or, if it be such, by the law of what State it was created. The averment that the Company is a citizen of the State of Indiana can have no sensible meaning attached to it. *This court does not hold that either a voluntary association of persons, or an association into a body politic, created by law, is a citizen of a State within the meaning of the Constitution. And therefore, if the defective averment in the declaration had not been otherwise supplied, the suit must have been dismissed.* But the *plaintiff's replication* alleges that the *defendants* are a *corporation, created under the laws of the State of Indiana, having its principal place of business in that State.* These allegations are confessed by the demurrer, *and they bring the case within the decision of this court in Marshall v. The Baltimore and Ohio Railroad Company, 16 How., 314, and the previous decisions.*" The italics are my own.

In this case, there was no replication to supply the defect in the declaration, and therefore I maintain that the judgment must be reversed, and the suit dismissed.

The first branch of *Mr. Thompson's* argument was to show that it was not necessary to aver that the defendants below were a corporation.    The second branch was as follows:

It being then settled that the defendants in this case are to be taken to be a corporation, it remains to be considered whether it appears from the declaration that the corporators are citizens of the State of Indiana, or that the corporation is engaged in its legal and proper vocation in said State.   We maintain that both propositions are true.   No one will deny that the averment of the citizenship of the plaintiffs is well stated, and the allegation is the same with reference to the defendants.   In the case of the Bank of the United States *v.* Deveraux et al., 5 Cranch, 61, the averment of the citizenship of the corporation plaintiffs was, "and your petitioners aver that they are *citizens* of the State of Pennsylvania;" and Chief Justice Marshall, in delivering the opinion of the court upon the authority of a case in 12th Mod., said, "*the court was authorized to look to the character of the individuals who composed the corporation on a question of jurisdiction.*"

"*Being authorized to sue in their corporate name, they could make the averment, and it must apply to the plaintiffs as individuals, because it could not be true as applied to the corporation.*"

Surely, the averment in that case was no stronger than this. The averment in the declaration in this case is equivalent to a statement that the Covington Drawbridge Company was a corporation, (for the name implies it,) and that all the members of that corporation are citizens of the State of Indiana; this last averment is the essential element of jurisdiction. This court held in the case of Louisville Railroad Company *v.* Letson, 2 How., that jurisdiction might be maintained against a corporation defendant in a State where it was incorporated and had its principal office of business, though all of the corporators did not reside in the State of the corporation; and the decision proceeds on the ground, that where the corporation is created and exercises its powers, *that is its place of residence*, and that, on the assumption that the individual corporators are said to be inhabitants there, within the purview of the statute.

The cases in this court, since the case of the Commercial Bank of Vicksburg *v.* Slocum, 14 Peters, in which the question of jurisdiction has been decided, have proceeded upon the ground that jurisdiction might attach, though all the cor-

porators, defendants, did not reside in the State where the suit was brought, but certainly the court has not said that averments which were held sufficient in the cases of Strawbridge, Deveraux, & Slocum, when the utmost strictness was required, would be insufficient now. The modern cases proceed upon the assumption that the residence of the corporators is presumed to be where the company is incorporated and does business, and that the jurisdiction is founded, in fact, upon the citizenship of those corporators, and not upon the citizenship of the corporation itself. It is the citizenship of some living, tangible being, that gives the court jurisdiction. Could a negro or set of negroes, though incorporated, (which they undeniably may be,) sue in the Federal courts? And yet, if it is the corporation that is the person, *the citizen,* they could. It is evident that the jurisdiction must rest upon the citizenship of the corporators, and be made expressly to apply by positive averment, or to be implied from the place of transacting business and the granting the charter, in which last case the corporators are estopped "from averring a different domicil." (See Justice Grier's opinion in Marshall *v.* B. and O. R. R., 16 How.)

But these corporation defendants are well described in the declaration as inhabitants of the State of Indiana, and exercising the functions of the corporation within the State. It is averred that they built a bridge with a draw across the Wabash river, in that State, that they had charge of said draw, that it was their duty to have raised it upon the approach of boats for their safe passage; that though notice was given, "yet the defendants unjustly and wrongfully *kept said draw down,* and did not raise the same to permit the passage of plaintiff's boat, *and compelled* the said boat to run backward up the river from said bridge and draw, *and await the action of said defendants in raising said draw.*" The declaration had before alleged the construction of the bridge by the defendants. These allegations sufficiently show that the corporation was exercising its corporate powers in Indiana, and the power delegated to the corporation emanated from the State of Indiana; for no other State or power could authorize the erection of a bridge over a public highway situated in that State. By the rules of pleading applied to the declaration in this case, the Covington Drawbridge Company is to be regarded as a corporation, which had built and maintained a drawbridge upon the Wabash river, at Covington, Indiana, as their name would indicate they should, and that all the corporators or members of that company were and are citizens of Indiana.

If the court shall renounce the jurisdiction of the Circuit Court in this case, then every decision of this court upon the

question of jurisdiction anterior to the case of Letson *v.* Louisville R. R. Co., 2 How., 497, will be completely overthrown, and not a vestige remain. The corporation will, in effect, be held to be the citizen, though Mr. Justice Curtis says, in the case of French, that this court does not hold a corporation to be a citizen of a State, within the meaning of the Constitution. It was understood, by the decision in Letson's case, to be the relaxing of a rigid rule theretofore existing, and allowing a larger class of cases to be brought within the jurisdiction of the court, founded upon the presumption that the corporators must of necessity be and reside at the place of business and property of the company.

It certainly never was intended to declare that the court had no jurisdiction where *all* the corporators were *citizens* of the State in which they were sued, and carried on their corporate business.

In the case of the Bank of Augusta *v.* Earle, 13 Pet., 512, it is said that a corporation can have no legal existence out of the bounds of the sovereignty by which it is created. It must dwell in the place of its creation.

This corporation, the Covington Drawbridge Company, dwelt at the bridge upon the Wabash river, at Covington, which they built and maintained, and upon which the plaintiff's boat was ruined. The corporation, dwelling at that bridge, in the State of Indiana, must necessarily have been created by the Legislature of the State of Indiana.

Again, Mr. Justice Grier, in delivering the opinion of the court in the case of Marshall *v.* The B. and O. R. R. Co., 16 How., 328, 329, reiterates the law for which we contend, "*that in deciding the question of jurisdiction, the court will look behind the corporate collective name given to the party, to find the persons who are the stockholders—the real parties to the controversy;*" and the question being whether an allegation that the "*defendants are a body corporate by the act of the General Assembly of Maryland,*" was sufficient to make it appear that the "real defendants," the stockholders, were citizens of that State, held that it was.

If that indirect averment by intendment and estoppel is held to be a sufficient allegation of the citizenship of "the real defendants," how much better is the more full and comprehensive allegation used in the case in hand, the "Covington Drawbridge Company, CITIZENS of the State of Indiana, defendants?"

Mr. Chief Justice TANEY delivered the opinion of the court.

The writ of error in this case is brought upon a judgment recovered by Shepherd and others, against the Covington Draw-

bridge Company, in the Circuit Court of the United States for the district of Indiana.

The only error assigned here is, that upon the declaration and pleadings in the case, the Circuit Court had no jurisdiction.

This objection is founded upon the description of the parties in the declaration, which is in the following words:

"Alexander O. Shepherd, Elijah F. Gillan, James Davidson, Samuel McClure, Samuel Peters, and George Willard, citizens of the State of Ohio, plaintiffs in this suit, complain of the Covington Drawbridge Company, citizens of the State of Indiana, defendants in this suit, in a plea of trespass on the case."

The plaintiff in error, who was defendant in the court below, contends that it does not appear by this averment that the Drawbridge Company was a corporation chartered by Indiana, and had its principal place of business in that State; and that, unless this appears in the pleadings, the averment that they were citizens of that State was not sufficient to give jurisdiction to the Circuit Court.

It is very true, that where individuals voluntarily associate together, and adopt a name or description intended to embrace all of its members, and under which its contracts and engagements are made, and its business carried on, such a company can neither sue nor be sued by the name they have adopted, and under which they act, in any court of common law, whether it be the court of a State or of the United States. They must sue and be sued in their individual names as partners in the company.

But the answer to the objection taken by the plaintiff in error is, that the twenty-seventh section of the fourth article of the Constitution of Indiana provides that "every statute shall be a public law, unless otherwise declared in the statute itself." The statute of the Legislature of Indiana, incorporating the Covington Drawbridge Company, is therefore a public law, of which the Circuit Court and this court are bound to take judicial notice, without its being pleaded or offered in evidence. For wherever a law of a State is held to be a public one, to be judicially taken notice of by the State courts, it must be regarded in like manner by a court of the United States, when it is required to administer the laws of the State.

This being the case in this instance, the averment that the Covington Drawbridge Company are citizens of the State of Indiana is sufficient, according to the decision of this court in the case of the Louisville, Cincinnati, and Charleston Railroad Company *v.* Letson, 2 How., 497, which has ever since been adhered to, and must now be regarded as the settled law of the court.

The question as to the jurisdiction of the courts of the United States in cases where a corporation is a party, was argued and considered in this court, for the first time, in the cases of the Hope Insurance Company *v.* Boardman, and of the Bank of the United States *v.* Deveaux, 5 Cr., 57 and 61. These two cases were argued at the same term, and were, as appears by the report, decided at the same time. And in the last-mentioned case, the court held that in a suit by or against a corporation, in its corporate name, this court might look beyond the mere legal being which the charter created, and regard it as a suit by or against the individual persons who composed the corporation; and an averment that they were citizens of a particular State (if such was the fact) would be sufficient to give jurisdiction to a court of the United States, although the suit was in the corporate name, and the individual corporators not named in the suit or the averment.

But in the case of the Louisville, Cincinnati, and Charleston Railroad Company *v.* Letson, the court overruled so much of this opinion as authorized a corporation to plead in abatement, that one or more of the corporators, plaintiffs or defendants, were citizens of a different State from the one described, and held that the members of the corporate body must be presumed to be citizens of the State in which the corporation was domiciled, and that both parties were estopped from denying it. And that, inasmuch as the corporators were not parties to the suit in their individual characters, but merely as members and component parts of the body or legal entity which the charter created, the members who composed it ought to be presumed, so far as its contracts and liabilities are concerned, to reside where the domicil of the body was fixed by law, and where alone they could act as one person; and to the same extent, and for the same purposes, be also regarded as citizens of the State from which this legal being derived its existence, and its faculties and powers. And in the case of the Bank of Augusta *v.* Earle, 13 Pet., 519, the court said that a corporation can have no legal existence outside of the dominion of the State by which it is created. Consequently, the Covington Drawbridge Company being chartered by the State of Indiana, it necessarily has its home and place of business in that State; and the only averment in the declaration necessary to show a case for jurisdiction, was that of the citizenship of the parties who composed the company.

In the case of the Lafayette Insurance Company *v.* French, the declaration stated that the corporation itself was a *citizen* of Indiana. Now, no one, we presume, ever supposed that the artificial being created by an act of incorporation could be a

citizen of a State in the sense in which that word is used in the Constitution of the United States, and the averment was rejected because the matter averred was simply impossible. But it appeared from other parts of the pleadings that the corporation was chartered by Indiana, and had its principal place of business in that State. And the court, therefore, applied the principle decided in the case of the Louisville, Cincinnati, and Charleston Railroad Company *v.* Letson, and held that the members of the corporate body must be presumed to be citizens of the same State. The citizenship of the corporators was regarded as the necessary and legal consequence of the facts stated in the pleadings without any positive and direct averment to that effect. The case of Marshall against the Baltimore and Ohio Railroad Company was decided upon the same ground. But in the case before us, the citizenship of the corporators is not left to be inferred by the court from other facts stated in the pleadings, but is directly and positively averred, and consequently freed from all objection on that head. Indeed, it is the same form of pleading in this respect that was used in the case of the Bank of the United States *v.* Deveaux, and which this court ruled to be good.

If the act of incorporation had not been a public law, which the court is bound to notice, then, undoubtedly, the proper description of the defendants would have been "The Covington Drawbridge Company, citizens of the State of Indiana, incorporated by that name, by the said State, and having their principal place of business therein." But in the case before us, the averment of the citizenship of the members of the corporation is all that is required, because the existence and domicil of the corporate body is judicially known to the court.

The judgment of the court below is therefore affirmed.

Mr. Justice CAMPBELL concurs in the result of the opinion of the court.

Mr. Justice DANIEL. In dissenting from the decision of the court in this cause, it is not designed to reiterate objections which in several previous instances have been expressed. I will merely remark, with reference to the present decision, and to others in this court, numerous as they are said to have been, that they have wholly failed to bring conviction to my mind, that a *corporation* can be a *citizen*, or that the term *citizen* can be correctly understood in any other sense than that in which it was understood in common acceptation when the Constitution was adopted, and as it is universally by writers on government explained, without a single exception.