HORNE v. THE BOSTON & MAINE RAILROAD.

A railroad corporation, owning and operating under one direction a continuous line of railway from a point in Massachusetts through New Hampshire to a point in Maine, and having its chartered powers from each of the three states, is a citizen of New Hampshire, and a suit against the corporation by a citizen of this state is not removable to the federal court.

PETITION, by the defendants, to remove the suit to the circuit court of the United States. The cause of action arose in Massachusetts. The plaintiff is a citizen of New Hampshire. The defendants are a corporation, owning and operating under one direction a continuous line of railway from Boston, Massachusetts, through New Hampshire to Portland, Maine, and having its corporate powers by charter from each of the three states. There is only one body of proprietors.

*W. J. Copeland,* for the defendants.

*Marston & Eastman,* for the plaintiff.

ALLEN, J. To entitle the defendants to remove the suit to the circuit court of the United States, it must appear that the contro-

versy is wholly betwen a citizen or citizens of this state where the suit is brought on one side, and a citizen or citizens of another state on the other side, and can be fully determined in the court to which it is removed. *Sewing Machine Cases*, 18 Wall. 553; *Removal Cases*, 100 U. S. 457; *Blake* v. *McKim*, 103 U. S. 336; *Fraser* v. *Jennison*, 106 U. S. 191. It is not enough that a part of the defendants are citizens of another state if a part are citizens of the same state where the suit is brought, unless there is a separate controversy wholly with the latter, or they are merely nominal parties to the record. *Barney* v. *Latham*, 103 U. S. 205; *Bacon* v. *Rives*, 106 U. S. 99.

The controversy in this case is single and entire, between a citizen of this state and the defendants. The defendants are a single corporation, having its powers from and existing by the laws of Maine, New Hampshire, and Massachusetts. Having its original charter from the state in which the suit is brought (N. H. Laws, 1835, *c.* 14), it was created there, and, within the meaning of the word as used in the constitution and judiciary acts of the United States, is a citizen of this state. *Railroad* v. *Letson*, 2 How. 497; *Marshall* v. *Railroad*, 16 How. 314; *Covington Drawbridge Co.* v. *Shepherd*, 20 How. 227; *Railroad* v. *Wheeler*, 1 Black 286; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Railroad Co.* v. *Koontz*, 104 U. S. 5; *Steamship Co.* v. *Tugman*, 106 U. S. 118. The fact that the defendants hold and exercise chartered powers by the common legislation of three states, and exercise a common citizenship of those states (*Railway Co.* v. *Wheeler, supra, Railroad* v. *Harris, supra*), does not destroy their right nor the fact of their citizenship in New Hampshire. The corporation is not outlawed and a citizen of no state by reason of its common citizenship in three states. The defendants being to the extent of their chartered powers citizens of New Hampshire and of the same state in which the plaintiff resides and in which the suit is brought, the cause will not be removed to a court of federal jurisdiction.

*Petition denied.*

CARPENTER, J., did not sit: the others concurred.