CARNEGIE, PHIPPS & CO., Limited, v. HULBERT et al.

(Circuit Court of Appeals, Eighth Circuit. October 31, 1892.

No. 134.

FEDERAL JURISDICTION—DIVERSE CITIZENSHIP—LIMITED PARTNERSHIP.
     A limited partnership organized under the laws of Pennsylvania, and empowered thereby to sue in its partnership name, is neither a corporation nor a citizen of that state, within the meaning of the statute requiring diverse citizenship to give jurisdiction to a federal circuit court; and it can only maintain such a suit by averring the proper citizenship of the partners.

In Error to the Circuit Court of the United States for the District of Nebraska.

Action by Carnegie, Phipps & Co., Limited, against J. H. Hulbert, E. A. Blum, H. P. Drexel, Albert Foll, and E. J. Refregier, sureties on a bond given to prevent the filing of mechanics' liens, pursuant to section 4 of the act of the general assembly of Iowa, approved April 7, 1884, entitled "An act to protect subcontractors for labor performed and material furnished for public buildings and improvements." Judgment for defendants. Plaintiff brings error. Reversed.

Westel W. Morsman, J. M. Junkin, and Smith McPherson, for plaintiff in error.

B. G. Burbank, for defendants in error Drexel and Foll.

C. H. Breck and A. A. McClanahan, for defendant in error Refregier.

Brome, Andrews & Sheean filed brief for defendants in error Hulbert and Blum.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge. This action was brought in the circuit court of the United States for the district of Nebraska. A demurrer to the complaint was sustained, and judgment rendered for the defendants, and thereupon the plaintiff sued out this writ of error. The case has been argued upon its merits, but, upon looking into the record, it appears the following is the only jurisdictional averment in the complaint relating to the citizenship of the plaintiff:

"The plaintiff, Carnegie, Phipps & Co., Limited, a copartnership organized under and created by the laws of the state of Pennsylvania, and by the laws of said state of Pennsylvania authorized and empowered to sue and be sued in its copart-

nership name, respectfully represents that said copartnership is engaged in, and has its principal place of business in, the city of Pittsburgh, and state of Pennsylvania, and is a citizen of said state."

This averment does not show a case of which the circuit court could take jurisdiction. The allegation is that the plaintiff is a copartnership created by the laws of the state of Pennsylvania, and not a corporation. A copartnership is not a corporation, and cannot be a citizen of a state, within the meaning of the statutes regulating the jurisdiction of the circuit court. By force of the decisions of the supreme court, the stockholders of a corporation, for the purpose of determining the jurisdiction of the federal courts in suits to which the corporation is a party, are conclusively presumed to be citizens of the state by whose laws the corporation was created. Railroad Co. v. Wheeler, 1 Black, 286; Bridge Co. v. Shepherd, 20 How. 227. But no such presumption obtains as to the members of a copartnership. The fact that, by the laws of the state of Pennsylvania, this copartnership is authorized to sue in its copartnership name in that state, does not authorize it to sue in the federal court as a citizen of that state. Chapman v. Barney, 129 U. S. 677, 682, 9 Sup. Ct. Rep. 426. When a copartnership sues, the citizenship of the partners composing it must be averred, and must be such as to confer the jurisdiction. For aught that appears in the record, the members of the copartnership and the defendants may be citizens of the same state. The judgment of the circuit court is reversed, for want of jurisdiction, at the costs of the plaintiff in error, and the cause remanded, with directions to that court to dismiss it unless the plaintiff shall amend its complaint to show jurisdiction.