RALYA MARKET CO. v. ARMOUR & CO. et al.

(Circuit Court, N. D. Iowa, W. D.   June 6, 1900.)

1. COURTS—JURISDICTION OF PARTIES—SUIT AGAINST PARTNERSHIP.

Service upon the agent of a partnership, in an action brought against the partnership as such, under a state statute, does not give the court jurisdiction over the individual partners; nor can the court acquire jurisdiction to render judgment against a partner who is a nonresident of the state, unless by service made upon him therein, or by his voluntary appearance.

2. APPEARANCE—SUIT AGAINST PARTNERSHIP.

An appearance entered for the defendant in an action against a partnership as such, brought under a state statute, cannot be construed as an appearance by the individual partners.

3. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—ACTION AGAINST PARTNERSHIP.

An action against a firm by its partnership name, brought under a state statute, cannot be maintained in a federal court, or removed into such court on the ground of diverse citizenship, for the reason that the citizenship essential to give the court jurisdiction cannot be predicated of a partnership as such; and it is immaterial that the petition for removal shows the citizenship of the partners, where they are not, as individuals, parties to the suit.[1]

---

[1] Diverse citizenship as ground for federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.

4. SAME--FEDERAL QUESTION--ISSUE RAISED BY DEFENDANT.

The fact that a defendant in an action in a state court attacks the constitutionality of a state statute under which the action is brought does not render the case one arising under the constitution or laws of the United States, within the removal act.[2]

At Law. On motion to quash and set aside service of original notice.

Robert Hunter, W. E. Gantt, and Bevington & Kennedy, for plaintiff.

Kean & Sherman and T. J. Mahoney, for defendants.

SHIRAS, District Judge. This action, for the recovery of damages for an alleged breach of contract, was commenced in the district court of Woodbury county, Iowa; the defendant named in the petition, Armour & Co., being alleged to be a corporation created under the laws of the state of Illinois. The original notice was returned by the sheriff as having been served upon "W. A. Moon, as manager or agent for Armour & Company, a corporation." This notice required the defendant to appear and plead on or before the 20th day of March, 1900, and on the 10th of March a petition for removal to this court was duly filed in the district court of Woodbury county, in which it was averred that Armour & Co. was not a corporation, but was a co-partnership, composed of Philip D. Armour, J. Ogden Armour, and J. Ogden Armour, P. A. Valentine, and May E. Armour, executors of the last will of Philip D. Armour, deceased, a former partner in said firm; that these several named persons were, when the suit was commenced, and still are, citizens of the state of Illinois,—the plaintiff company being a corporation created under the laws of the state of Iowa, and the suit involving more than $2,000, exclusive of interest and costs. It was further averred in the petition for removal that the appearance of the petitioner was special only, and not general, and was not intended to waive any objection to the jurisdiction; but petitioner reserved the right to question the jurisdiction and the validity of the service of the original notice. The state court granted the order of removal, and, the transcript having been filed in this court, a motion was filed by Armour & Co., in which it is recited that the appearance is special only, and for the sole and only purpose of questioning the jurisdiction of the court, and for the purpose of obtaining an order setting aside and quashing the service in the case; and thereupon it is averred that Armour & Co. was not, when this suit was brought, and service of the notice was made, a corporation, but was a co-partnership, reciting the names of the partners as already given, and that the so-called service of the notice was invalid and insufficient to give the court jurisdiction in the premises, there being no property attached or otherwise brought within the jurisdiction of the state court. Thereupon the plaintiff, with leave of court, filed an amendment to the petition, setting forth that the defendant Armour & Co. was a co-partnership composed of the persons whose names have been already given, and

[2] Jurisdiction in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308, and Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

prayed judgment on the cause of action originally declared on against
Armour & Co. and the individuals constituting the co-partnership.
In the form in which the record is now placed before the court, the
action is one against the partnership in the firm name, and also against
the individuals composing the partnership.

By section 3468 of the Code of Iowa it is enacted that:

"Actions may be brought by or against a partnership as such, or against
all or either of the individual members thereof, or against it and all or any
members thereof; and a judgment against the firm as such may be enforced
against the partnership property, or that of such members as have appeared
or been served with notice. A new action may be brought against the members
not made parties on the original cause of action."

By section 3532 it is provided that:

"When a corporation, company or individual has, for the transaction of any
business, an office or agency in any county other than that in which the prin-
cipal resides, service may be made on any agent or clerk employed in such
office or agency, in all actions growing out of or connected with the business
of that office or agency."

Under these provisions of the Code of Iowa it is clear that, if the
case had remained in the state court, a judgment might have been ob-
tained against Armour & Co. as a partnership, upon which an execu-
tion could have been levied upon the firm property, if any such could
be found within the state of Iowa, provided the service of the notice
upon W. A. Moon was a service upon the firm. It is equally clear
that a judgment thus rendered against the firm in the partnership
name, upon a service made upon an agent of the firm, would not be
binding upon the individuals composing the firm. Thus, in Goldey v.
Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, it is said
that:

"It is an elementary principle of jurisprudence that a court of justice cannot
acquire jurisdiction over the person of one who has no residence within its
territorial jurisdiction, except by actual service of notice within the jurisdiction
upon him or upon some one authorized to accept service in his behalf, or by
his waiver, by general appearance or otherwise, of the want of due service."

See, also, Boswell's Lessee v. Otis, 9 How. 336, 13 L. Ed. 164;
Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Hart v. Sansom, 110
U. S. 151, 3 Sup. Ct. 586, 28 L. Ed. 101; Arndt v. Griggs, 134 U. S.
316, 10 Sup. Ct. 557, 33 L. Ed. 918.

In D'Arcy v. Ketchum, 11 How. 165, 13 L. Ed. 648, it was held that
a judgment rendered in a state court in New York against several part-
ners, only one having been served with process and appearing in
the case, was not valid as against the partners not served with pro-
cess; and in Hall v. Lanning, 91 U. S. 160, 23 L. Ed. 271, it was ruled
that:

"A member of a partnership residing in one state, not served with process
and not appearing, is not personally bound by a judgment recovered in another
state against all the partners after a dissolution of the firm, although the
other members were served, or did appear and cause an appearance to be
entered for all, and although the law of the state where the suit was brought
authorized such judgment."

Under the rule announced in these opinions, and as the case now
stands before the court, there is not jurisdiction in this court over

the individuals composing the firm of Armour & Co., for the reason that no service of notice or summons has been made upon them, and, as they are all nonresidents of Iowa, it does not seem possible to obtain service upon them within this state. It is, however, strongly contended on behalf of plaintiff that a general appearance has been entered in this court in such form as to preclude the defendants from contending that they are not properly within the jurisdiction of the court. This contention is based upon the fact that on May 15, 1900, after the transcript was filed in this court, a præcipe was filed with the clerk in the following terms:

"In United States Circuit Court, Northern District of Iowa.

"The Ralya Market Company, Plaintiff, vs. Armour & Company, Defendants.

"The clerk of said court will please enter our appearance for defendant in above cause.				T. J. Mahoney, Omaha, Neb.
				"Kean & Sherman, Sioux City, Iowa."

When this appearance was thus entered, the only defendant in the case was Armour & Co., and in terms the appearance was for this defendant, and no other; and it cannot be construed to be an appearance for the individuals who were not made parties defendant until May 23d, when the amendment to the petition was filed. It is well settled by the decisions of the supreme court that an appearance made in the state court for the purpose of securing a removal to the federal court will not be deemed to have the effect of a general appearance, and will not constitute a waiver of the right to question the jurisdiction of the court over the parties or subject-matter of the suit. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. So far as the individual partners composing the firm of Armour & Co. are concerned, they were not named as defendants to the suit until after its removal into this court; and as no service has been had upon them, and no appearance has been entered by them, the court cannot exercise jurisdiction over them, and they cannot be deemed to be parties defendant to the suit. This leaves as a defendant Armour & Co., originally declared against as a corporation, but now admitted to be a partnership. Under the provisions of the Code of Iowa, already cited, the state court could rightfully entertain a suit brought against a firm in the partnership name, and, service being had on the firm, could rightfully enforce its judgment against the firm property within the state of Iowa. The jurisdiction thus created by the statutes of the state against a firm in the partnership name cannot be recognized in the federal courts, for the reason that it cannot be averred of a firm that it is a citizen of a state. To establish the jurisdictional fact that the controversy is between citizens of different states, when diverse citizenship is the basis of the jurisdiction, it is necessary that the suit shall be brought in the names of the partners, the citizenship of each being shown. Carnegie, Phipps & Co. v. Hulbert, 3 C. C. A. 391, 53 Fed. 10; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Hotel Co. v. Jones, 20 Sup. Ct. 690, Adv. S. U. S. 690, 44 L. Ed. ——. On the face of the record as the same stood in the state court upon the filing of the petition for removal, it was shown that the defendant Armour & Co. was not a corporation, but was a partnership;

and in that form the case was not a removable one, for the reason that it was not an action of which this court could have taken jurisdiction originally, if brought in the first instance in this court. In other words, if the plaintiff had filed the action originally in this court against Armour & Co., a co-partnership, this court, under the rulings in the cases just cited, could not have entertained jurisdiction over the defendant firm, because citizenship, within the meaning of the federal constitution, cannot be predicated of a partnership. So long as the case stood, therefore, as a suit against the firm of Armour & Co., it was not removable into the federal court, for the reason that the second section of the act of congress of 1888, which creates the general right of removal, gives that right only in cases which, under the provisions of the first section of the act, would be within federal jurisdiction, and, as already pointed out, the suit against the firm in the firm name could not have been brought originally in a federal court. If the partners had applied to the state court to be substituted as defendants in place of the firm, so that the suit would then have been only against the individuals, partners doing business under the firm name, the case might possibly then have been removable, as it would have been then pending against the individuals only, and the citizenship of the defendants could then have been shown to be different from that of the plaintiff. This, however, was not done. The removal was asked in the name of Armour & Co. Thus, in the petition for removal it is averred as follows:

"Your petitioner, Armour & Company, a co-partnership, but described in the petition and original notice in the above-entitled cause as a corporation, appears specially and for the sole and only purpose of this petition;  *  *  *  that at the time of the commencement of this action the defendant was, and still is, a co-partnership, nonresident of the state of Iowa, and organized and existing under and by virtue of the laws of the state of Illinois, and a citizen of the state of Illinois."

The removal to this court was therefore asked by Armour & Co., a co-partnership; but, as already stated, it was not possible to show that the firm was a citizen of any state, and hence the proper showing, justifying a removal, could not be made on behalf of the only defendant before the state court, and the only party petitioning for a removal. Under the provisions of the Iowa Code, the state court could take jurisdiction of the suit against the partnership in the firm name, and, proper service being had, could render a judgment good against the firm property in Iowa. Over a suit in this form this court could not take jurisdiction for the reasons already stated, and, as this court could not entertain the suit for want of jurisdiction, it could not deprive the state court of the jurisdiction rightfully existing in that tribunal under the provisions of the state statute. Under these circumstances, this court has never had jurisdiction over this case, and any and all action taken herein must be held of no effect, and the suit must be remanded to the state court.

On Motion for Rehearing.

(June 16, 1900.)

Upon the filing of the opinion in this case, wherein it was held that this court could not take jurisdiction upon a removal of the suit from

the state court, because it was in form an action against a partnership in the firm name, a petition for rehearing was filed by counsel, supported by a written brief, in which it is contended that the court has misconstrued the decisions of the supreme court in Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, and Hotel Co. v. Jones, 20 Sup. Ct. 690, Adv. S. U. S. 690, 44 L. Ed. ——, and of the court of appeals for this circuit in Phipps & Co. v. Hulbert, 3 C. C. A. 391, 53 Fed. 10, in holding that under no possible circumstances, where jurisdiction depends on diversity of citizenship, can a partnership, as such, sue or be sued in the federal court. The contention now made is that if the record shows the citizenship of the several partners, and that is diverse from that of the other party, then the jurisdiction will exist over the suit in the firm name; and in support of this contention it is pointed out that, in the cases above cited, the order was that the same be remanded to the trial court in order that the parties might, by amendment, show that jurisdiction in fact existed. It will be noticed in these cases, which were brought originally in the federal court, that the plaintiffs were partnerships, and therefore, when these cases were remanded to the trial court, it was open to the plaintiffs to amend by setting forth the names and citizenship of the partners; thus converting the suit into one brought in the name of the several partners, doing business under the given firm name. As was said in the original opinion filed in the present case, if the persons forming the firm of Armour & Co. had appeared in the state court, and, by leave of that court, had been substituted as defendants in place of the firm, then the record would have shown a controversy pending between citizens of different states, and the case would have been removable under the statute. This was not done, however, and the case remains in the form in which it was commenced, to wit, an action against the firm of Armour & Co.

Care has been used, in all the proceedings taken, to avoid anything which might be construed into entering an appearance for the individuals composing the firm, and this court is asked to take jurisdiction, by removal on the ground of diverse citizenship, over a case pending against a firm in the partnership name. To authorize a federal court to entertain jurisdiction over a suit on the ground of diverse citizenship, it must appear that the controversy is one between citizens of different states; or, in other words, the jurisdiction depends on the question whether the party plaintiff and the party defendant are citizens of a state, within the meaning of the constitution, and are also citizens of different states. The party defendant in this case is the firm of Armour & Co. If judgment should be entered in favor of the plaintiff on the cause of action sued on, it could be entered only against the firm, and would be enforceable by process against the firm property, and nothing else. As the record now stands, a judgment cannot be entered against the individuals alleged to constitute the firm of Armour & Co. It is therefore clear that the party defendant is the firm, and the firm only. Under the provisions of the state statute, the action may be brought and maintained against the firm in the firm name, and judgment may be enforced against the firm property; but the state statute does not create jurisdiction over

the individual partners, unless by service of notice they have been brought within the jurisdiction of the court. If this court, assuming the existence of jurisdiction, should render judgment in favor of plaintiff, it could only be entered against the firm in the firm name, because the individual partners have not become parties to the suit. There can be no escape from the conclusion, therefore, that this action is one pending against Armour & Co. as a partnership. Every paper filed and every motion made by the defendant is in the firm name, and that only; and it is true, as matter of form and matter of fact, that the defendant is a partnership, sued in the firm name. As this case now stands, this court has no jurisdiction whatever over the individual partners composing the firm of Armour & Co., and the only jurisdiction it could exercise would be over the firm and in the firm name.

This being the indisputable fact, then the question arises whether it can be predicated of the firm of Armour & Co, the defendant herein, that it is a "citizen of the state of Illinois." This question is answered by the supreme court in the already cited case of Hotel Co. v. Jones, 20 Sup. Ct. 690, Adv. S. U. S. 690, 44 L. Ed. ——, wherein it is said:

"The rule that for purposes of jurisdiction, and within the meaning of the clause of the constitution extending the judicial powers of the United States to controversies between citizens of different states, a corporation was to be deemed a citizen of the state creating it, has been so long recognized and applied that it is not now to be questioned. No such rule, however, has been applied to partnership associations, although such associations may have some of the characteristics of a corporation. * * * That a limited partnership association created under the Pennsylvania statute may be described as a 'quasi corporation,' having some of the characteristics of a corporation or a new artificial person, is not a sufficient reason for regarding it as a corporation, within the jurisdictional rule heretofore adverted to. That rule must not be extended. We are unwilling to extend it so as to embrace partnership associations."

In Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, it was said:

"The allegation of the amended petition is that the United States Express Company is a joint-stock company organized under a law of the state of New York, and is a citizen of that state. But the express company cannot be a citizen of New York, within the meaning of the statutes regulating jurisdiction, unless it be a corporation. The allegation that the company was organized under the laws of New York is not an allegation that it is a corporation. In fact, the allegation is that the company is not a corporation, but a joint-stock company,—that is, a mere partnership; and, although it may be authorized by the laws of the state of New York to bring suit in the name of its president, that fact cannot give the company power, by that name, to sue in a federal court."

These cases hold, if I correctly apprehend their meaning, that in suits in the federal courts, wherein jurisdiction depends upon the diverse citizenship of the parties litigant, the same, to confer jurisdiction, must be brought in the name of litigants of whom it can be properly averred that they are citizens of a named state, and that citizenship cannot be predicated of a partnership or joint-stock association. As already pointed out, the only defendant in this case is the firm of Armour & Co., and, as the firm is not a citizen of any state, it is not made to appear that the controversy is between citizens of differ-

ent states, and therefore it is a suit which is not removable to this court on the ground of diverse citizenship.

In the brief filed in support of the petition for a rehearing, it is argued that the case presents a question arising under the constitution of the United States, in that the state statute endeavors to confer jurisdiction over nonresidents of Iowa, by a service had upon a mere agent, which, it is claimed, cannot be rightfully done, and therefore the suit is removable, in that it presents a controversy arising under the federal constitution. It is well settled that, under the act of 1888, a case is not removable on the ground that it involves a federal question, unless the existence of the federal question is made to appear in the case stated in the plaintiff's pleadings. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511. The validity of the service of the original notice in this case is primarily a question arising under the state statute; and although, in the consideration thereof, a federal question may possibly become involved, it will then be a question presented by the defendant, which may or may not arise, and it cannot be made the basis for the removal of the case to this court on the ground that the controversy tendered by the plaintiff is one arising under the constitution or laws of the United States. It is open to the defendant to present this question in the state court, and, if the ruling is adverse, then the matter can be carried to the supreme court of the United States; but the fact that a federal question of this character may be presented by the defendant does not make the suit brought by the plaintiff a controversy arising under the constitution or laws of the United States, within the meaning of the removal statute. The motion for a rehearing filed by the defendant is therefore overruled, and the case must be remanded to the state court on the ground that this court cannot take jurisdiction over a suit brought against the firm of Armour & Co., the individual partners not being made, in any form, parties defendant.