No. 4027

(Court of Appeal, Parish of Orleans.)

## EDWARD L. SLATTERY vs. JOHN HUSSEY.

Where the owner of property agrees to pay a particular sum to a broker for securing a purchaser at a fixed price, and such a purchaser is secured by the broker who is ready, willing and able to purchase, the compensation of the broker is earned and his claim cannot be defeated by the refusal of the owner to perfect the sale.

Appeal from Civil District Court, Division D.

Jas. E. Zunts, for plaintiff and appellee.

Carroll & Carroll, for defendant and appellant.

MOORE, J. This was a suit by a real estate broker to recover his commission alleged to be due him under a verbal contract with the defendant for finding a purchaser for a certain piece of real estate belonging to the latter. The petition alleges the employment; the price at which the property was to be sold; the rate of compensation to be allowed; the finding of a purchaser who was ready, willing and able to buy at the price fixed by defendant; and the refusal of defendant to go on and perfect the sale. The answer is simply a general denial.

There was judgment for plaintiff for the amount sued for ($600.00) and defendant appeals.

The case was submitted below on the testimony of the plaintiff and his three witnesses, as the defendant did not testify nor did he offer any witnesses on his behalf.

The facts, as conclusively established, are that some time

during the month of March, 1905, the defendant employed the plaintiff to sell a certain piece of property situated in the City of New Orleans and belonging to the former, for the sum of $30,000.00, then and there agreeing to pay the latter two per cent commission on said amount if such purchaser was found by plaintiff; that a purchaser was found who was ready, willing and able to buy the property at the price stated; that the defendant was advised of that fact by the plaintiff personally at the latter's office on the morning of the 10th of April, 1905, a few moments after the person, L. S. Berg, who had been secured by plaintiff, had concluded to buy the property; that defendant expressed satisfaction and approval of the sale and left for his home which was situated in another portion of the city, for the purpose, as declared by him, of getting the title deeds to the property and returning that afternoon with them so that they might be delivered to the purchaser for aid in the examination of the title; that the defendant failed to return to plaintiff's office on that day as promised or to send the titles or to communicate with plaintiff, whereupon on that same evening plaintiff wrote defendant as follows:

"April 10, 1905.

"Mr. John Hussey, City:

"Dear Sir—Under your authority I to-day confirmed the sale of your properties on Canal and Marais streets, approximating a frontage of 85 feet or more, by a depth of 114 feet for $30,000, and will be obliged to you if you will turn over your titles for examination. I have $1500 earnest money in my possession, and I will be obliged to you if you will call to-morrow to get it; or if you cannot do so, I will go out and bring it to you. This sale was predicated on unincumbered title and all taxes paid.

"Yours truly,

"(Signed) EDWARD L. SLATTERY."

That this letter was sent by plaintiff's clerk for personal delivery to defendant; that the clerk called that evening on defendant at the latter's residence but as he was not at home, the messenger returned the next morning and then delivered the letter to plaintiff; that the messenger said to defendant: "Here is a letter from Mr. Slattery. He wants to know why you didn't bring those deeds up, as you promised yesterday, and he sends me out with this letter;" that *without reading*

*the letter* the defendant replied : "You know, I was going in to-day, but last night Mr. Onorato, the real estate man and another man, came out here and offered me $30,500.00 for that property, and I sold it to them" adding : "You know that five hundred dollars to a poor man goes a long way." To this the messenger replied: "Now you sold that property to Mr. Slattery, and Mr. Slattery expects you to deliver that property to him," whereupon defendant replied : "Mr. Slattery can't hold me; he hasn't got the scratch of a pen," thereupon the messenger retired and advised his employer of the facts.

Under this state of facts it may not be doubted that plaintiff is entitled to his compensation for the services performed under his contract. The rule, as stated by Mechem on Agency Sec. 612 is :

"If it be found that the agent has done all that he undertook to do, his right to compensation is complete, and he can-not be deprived of it, because the principal then fails to avail himself of the benefits of the act or refuses to do what he had agreed to do upon performance." In McGavock vs. Woodlief 20 How. 227, a case arising under a Louisiana contract of mandate, the Court held: "Where a broker employed to sell real estate finds a purchaser in a situation and ready and willing to complete the purchase, on the terms agreed on, he will be entitled to his commission, though the vendor refuses to go on and perfect the sale."

The American and English Encyclopedia of Law. on the authority of numerous decisions of the Courts of this country, states the rule thus: "A broker is entitled to his commission if he has faithfully performed his part of the transaction, and from no fault of his own, but from entirely independent causes, as by the refusal and inability of the principal to complete the contract, the contract is not consummated, the broker will be entitled to his commissions."

The sole ground urged by defendant's counsel in this court why the judgment should be reversed, is that the plaintiff did not obtain a purchaser who was willing to pay $30,-000.00 for the property, forasmuch as it is shown by the plaintiff's letter of the 10th April, *supra*, that the price at which the purchaser was willing to buy "was predicated on unincumbered tittle *and all taxes paid*," and that consequently if the seller has to pay the taxes, the price which he will receive

is, to the extent of the amount of taxes, less than the price at which he offered to sell, $30,000.00.

This is an effort on the part of defendant's learned counsel to enable the defendant to "mend his hole."

There is no such defense set up in the answer nor does the defendant himself pretend that this was the reason for his refusal to perform the contract he offered to make. As we have stated, the defendant did not testify in the cause and therefore, there is no statement from him that this was the cause of his refusal. He had sold the property to another the night previous to the morning when the letter was received by him, hence it was not anything that was contained in that letter which influenced his conduct; and at the very moment when he received that letter, and before he knew its contents, he assigned as the sole reasons for his failure to go on, the fact that he had already sold the property to another and the further fact that plaintiff "could not hold him as he hasn't got the scratch of a pen."

His position cannot now be shifted.

The judgment appealed from is affirmed.