## H. L. BRUETT & CO. v. F. C. AUSTIN DRAINAGE EXCAVATOR CO.

(Circuit Court, N. D. Iowa, Central Division.   December 7, 1909.)

### No. 315.

1. COURTS (§ 315*)—FEDERAL COURTS—JURISDICTION DEPENDENT ON CITIZENSHIP—PARTNERSHIP.

Citizenship, for the purpose of determining federal jurisdiction, cannot be rightfully predicated of a copartnership as such.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 861;  Dec. Dig. § 315.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249;  Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 322*)—FEDERAL COURT—ACTIONS BY OR AGAINST PARTNERSHIP.

A partnership cannot sue or be sued in its partnership name in a Circuit Court of the United States without alleging the citizenship of its individual members.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 322.*]

3. REMOVAL OF CAUSES (§ 26*)—ACTION BY PARTNERSHIP—DIVERSE CITIZENSHIP.

A partnership suing as such in a state court cannot prevent a nonresident defendant from removing the cause to the proper Circuit Court of the United States on the ground of diverse citizenship, if its individual members are shown in the petition for removal to be each and all citizens and residents of a state other than that of the plaintiffs, in which they reside and the suit is brought.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 26.*]

4. PARTNERSHIP (§ 197*)—ACTIONS AGAINST—PARTNERSHIP NAME.

The common-law rule that an action by or against a partnership as such could not be maintained in the partnership name, but must be brought by or against the individual members of the firm, was changed by Iowa Code 1897, § 3468, providing that actions may be brought by or against a partnership as such, or against all or either of the individual members, or against it and all or any of its members.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 360;  Dec. Dig. § 197.*]

5. ACTION (§ 64*)—COMMENCEMENT—ORIGINAL NOTICE.

Under Iowa Code 1897, § 3514, providing that an action in a court of record shall be commenced by serving the defendant with a notice signed by the plaintiff or his attorney, informing him of the name of the plaintiff, that a petition is, or on or before a specified date will be, filed in the office of the clerk, and stating generally the cause of action, etc., personal actions are commenced in the state court by serving the defendant with a notice as specified;  the action being regarded as begun from the time of the service of the notice.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 725–734;  Dec. Dig. § 64.*]

6. REMOVAL OF CAUSES (§ 26*)—COMMENCEMENT OF ACTION—CHARACTER OF PARTIES.

Where plaintiffs, not designating themselves as a copartnership, served an original notice on defendant, constituting the commencement of an action in the state court, and the requisite diversity of citizenship between plaintiffs as individuals, and defendant existed, plaintiffs could not deprive defendant of its right to remove the cause to the federal court by filing a petition in support of the notice purporting to sue only in a partnership name.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 26.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

7. COURTS (§ 323*)—FEDERAL COURT—JURISDICTION—CITIZENSHIP—CORPORA-TIONS—PRESUMPTIONS.

Citizenship of the individual members of a corporation for the purpose of federal jurisdiction is conclusively presumed to be that of the state in which the corporation is organized.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 885, 886; Dec. Dig. § 323.*]

8. COURTS (§ 315*)—FEDERAL COURTS—JURISDICTION—PARTIES—CITIZENSHIP—PARTNERSHIP.

Where the members of a firm sue or are sued in the name of the firm, the citizenship of the individual members of the firm may be looked to to ascertain whether there is requisite diversity of citizenship between the members of the firm and the opposite party in order to determine federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 861; Dec. Dig. § 315.*]

Action by H. L. Bruett & Co. against the F. C. Austin Drainage Excavator Company. On motion to remand to the state court. Denied.

F. C. Gilchrist, for plaintiffs.
Healy & Healy, for defendant.

REED, District Judge. This action was commenced in the district court of Iowa in and for Pocahontas county to recover of the defendant damages in excess of $2,000 for its alleged fraud in the leasing of a certain drainage machine to the plaintiffs. The defendant, appearing specially for that purpose, removed the cause to this court upon the ground of the diverse citizenship of the parties, and the plaintiffs move to remand because upon the face of the record it appears, as they contend, that such diversity does not exist. The particular ground relied upon by the plaintiffs is that they are a copartnership and sue as such, that a partnership is not a citizen of any state, and that this cause is not therefore one that is within the jurisdiction of this court. That the individual members of the copartnership, who are named in the original notice and in the petition filed by the plaintiffs in the state court, are, and were at the time the action was commenced and the petition for removal filed, citizens of Iowa, residing in the Northern district thereof, and that the defendant at such times was a corporation of Illinois, and not of Iowa, is not disputed. That citizenship cannot rightly be predicated of a copartnership as such (or of a corporation for that matter) and that a partnership cannot sue or be sued in its partnership name in a Circuit Court of the United States without alleging the citizenship of its individual members is well settled. Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Great Southern Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 482; Carnegie Phipps Co. v. Hulbert, 53 Fed. 10, 3 C. C. A. 391. And that a partnership sued as such in a state court cannot remove the cause to the proper Circuit Court of the United States on the ground of diverse citizenship, even though its individual members are shown in the petition for removal to be each and all citizens and residents of a state other than that of the plaintiffs, in which they reside and the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suit is brought, was held in Ralya Market Co. v. Armour & Co. (C. C.) 102 Fed. 530. At common law a suit by or against a partnership as such could not be maintained in the partnership name; but it must be brought by or against the individual members of the copartnership. Covington Drawbridge Co. v. Shepherd, 20 How. 227–232, 15 L. Ed. 896.

This rule is changed by the Iowa statute, which provides as follows (Code 1897, § 3468):·

"Actions may be brought by or against a partnership, as such, or against all or either of the individual members thereof, or against it and all or any of the members thereof. * * *"

An action may be brought, therefore, in the state courts of Iowa as at common law in the names of the individual members of the partnership, or under this statute in the name of the copartnership as such, or it may be brought against the partnership as such, or against it, and all or any of its individual members. It is urged by the defendant that the suit in question was originally commenced in the state court in the name of the individual members of the partnership, and that for this reason alone it was rightly removed by the defendant. The Iowa statute which provides for the commencement of actions in the courts of record in that state is as follows (Code 1897, § 3514):

"Action in a court of record shall be commenced by serving the defendant with a notice, signed by the plaintiff or his attorney, informing him of the name of the plaintiff, that a petition is, or on or before the date named therein will be, filed in the office of the clerk of the court wherein action is brought, naming it, and stating in general terms the cause or causes thereof, and if it is for money, the amount thereof, * * * and that unless he appears thereto and defends before noon of the second day of the term at which defendant is required to appear, naming it, his default will be entered and judgment or decree rendered against him thereon. * * *"

Under this section it is held that personal actions are commenced in the state court by serving the defendant with a notice thereof signed by the plaintiff or his attorney, informing him of the name of the plaintiff or plaintiffs, and that a petition is or on or before a date named will be on file in the office of the clerk of the court where the action is brought, and from the time of the service of such notice on the defendant the action is pending in the court named therein. Parkyn v. Travis, 50 Iowa, 436; Proska v. McCormick, 56 Iowa, 318, 9 N. W. 289.

The original notice in this case is as follows:

"In the District Court of Iowa in and for Pocahontas County.

"H. L. Bruett & Co., H. L. Bruett and J. H. Allen, Plaintiffs, v. E. C. Austin Drainage Excavator Co., Defendant.

"October Term, 1909.    Original Notice.

"To Said F. C. Austin Drainage Excavator Company, Defendant:

"You are hereby notified that on or before the first day of October, 1909, there will be on file in the office of the clerk of the district court of Iowa in and for Pocahontas County, a petition of the plaintiffs claiming of you ·the sum of $10,000, for and on account of (stating the grounds relied upon).

"And that unless you appear thereto and defend on or before noon of the second day of the regular October term, 1909, of said court, which will com-

mence and be held in the court house in Pocahontas, Iowa, on the 12th day of October, 1909, default will be entered against you and judgment entered thereon as prayed.          [Signed] Allen & Atkinson, Attys. for Plaintiff."

The return of the sheriff of Pocahontas county indorsed upon this notice shows that it was served personally by him on the vice president and general agent of the F. C. Austin Drainage Excavator Company in said county on June 2, 1909. October 1, 1909, there was filed in the office of the clerk of said court a petition as follows:

"In the District Court of Iowa in and for Pocahontas County.
"H. L. Bruett & Co., Plaintiff, v. The Austin Drainage Excavator Co.,
Defendant.
"October Term, 1909.  Petition at Law.
"The plaintiff states:
"Count One.
"That it is a partnership composed of H. L. Bruett and J. H. Allen, and that defendant is a corporation engaged in manufacturing selling and leasing machinery for the excavation of large drains, ditches, etc. [stating the cause of action relied upon]."

The contention of the plaintiffs is that this petition is one in the name of the copartnership only, and not in the names of the individual members thereof.  But under the Iowa statute the action was commenced in the state court when the original notice was served upon the defendant, and that notice makes no mention of a copartnership, but describes H. L. Bruett and J. H. Allen as the plaintiffs, and that they as plaintiffs claim of the defendant $10,000, etc.  It is true that H. L. Bruett & Co. is named in the caption also as plaintiffs, but whether as a copartnership, a corporation, a joint-stock company, or as an association of some other kind is not stated, and the only reasonable inference to be drawn from the notice is that H. L. Bruett and J. H. Allen are doing business under the name of H. L. Bruett & Co., and that they as individuals bring the action against the defendant.  The right of removal when based upon the ground of diverse citizenship depends upon the citizenship of the parties at the time the action is commenced; and a subsequent change of citizenship, if any should take place, would not defeat the right.  The petition for removal is entitled the same as the original notice, and it is alleged therein that the defendant is, and was when the action was commenced, a corporation organized and existing under the laws of Illinois, and that the plaintiffs H. L. Bruett and J. H. Allen alone compose the said copartnership of H. L. Bruett & Co., and that said plaintiffs at the time of the commencement of the suit were, and still are, each and all citizens of the state of Iowa residing in Pocahontas county.  Unless then two or more individuals can after commencing an action in the state court in their own names by serving a notice upon the defendant as required by the state statute file a petition in such court in which they describe themselves as copartners, and thus defeat the defendant, who otherwise would be entitled to remove the cause to the proper Circuit Court of the United States, from doing so, this cause is clearly removable, and has been properly removed from the state court.

But if it should be admitted that the petition filed in the state court

is controlling, and shows that the suit is brought only in the name of the copartnership as such, then the question remains: May the defendant remove the cause from the state court by showing in the petition for removal that the requisite diversity of citizenship exists between it and each of the plaintiffs, and did so exist when the suit was commenced? It must be admitted that it was held in the case of Ralya Market Co. v. Armour & Co. (C. C.) 102 Fed. 530, above, that defendants sued as a copartnership only cannot so remove the cause. This court with much hesitancy followed that decision in Hallowell v. McLaughlin Brothers (no opinion filed); but further examination and consideration of the question has convinced that it should not have done so. The authorities cited and relied upon for the ruling in Ralya Market Co. v. Armour & Co., are Carnegie Phipps & Co. v. Hulbert, 53 Fed. 10, 3 C. C. A. 391; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Great Southern Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 482. Each of these cases was originally commenced in a Circuit Court of the United States in the name of a copartnership, but without any averment or showing of the citizenship of the individual members thereof, and it was held that the requisite jurisdictional facts to authorize the maintenance of the suit in the Circuit Court of the United States did not affirmatively appear of record, and for that reason the judgment in each was reversed. In Great Southern Hotel Co. v. Jones the cause was remanded with leave to the complainants to amend the bill, if they could do so, to show that the citizenship of the individual members of the different partnerships who were parties to the suit was such as to enable the Circuit Court to take cognizance of the controversy. The bill was so amended in the Circuit Court and the suit proceeded to final judgment against the hotel company, and that judgment was affirmed by the Supreme Court in Great Southern Hotel Co. v. Jones, 193 U. S. 532, 24 Sup. Ct. 576, 48 L. Ed. 778. In Carnegie Phipps & Co. v. Hulbert the Circuit Court of Appeals this circuit says:

"When a partnership sues, the citizenship of the parties composing it must be averred, and must be such as to confer the jurisdiction. For aught that appears in the record, the members of the copartnership and the defendants may be citizens of the same state. The judgment of the Circuit Court is reversed for want of jurisdiction, * * * and the cause remanded with directions to dismiss the bill, unless the plaintiff shall amend its complaint to show jurisdiction."

In Adams & Co. v. May (C. C.) 27 Fed. 907, Judge Love said:

"The petition (for removal) in this case states, in substance, that Adams & Co., the plaintiffs, are citizens of Pennsylvania. But who are Adams & Co.? Citizenship cannot be predicated of a firm eo nomine. The individual names of the partners must be set out, and citizenship alleged of each and every of them. The state statute authorizing suits to be brought in the partnership name is inapplicable here. No doubt a cause commenced in a state court in the firm name, without giving the individual names, may be removed to this court; but the petition for removal should state the individual names and citizenship of the members of the firm, and show that no one of them is a citizen of the same state with an adversary party in the controversy. At all events, this diversity of citizenship should appear in some part of the record, when the case comes here from the state court. This nowhere appears in the present record."

The cause was therefore remanded for this reason alone.

From these authorities it is entirely clear that there is no obstacle in the way of a partnership either suing, or being sued, in the proper Circuit Court of the United States if the citizenship of its individual members is shown to be such as to confer jurisdiction of the controversy upon such court. It was early held by the Supreme Court that a corporation might sue or be sued in its corporate name in the courts of the United States, provided it was alleged and made to appear of record that the individual members of the corporation were all citizens of states other than that of which the opposite parties to the suit were citizens. Bank of the United States v. Deveaux, 5 Cranch, 61–87, 88, 3 L. Ed. 38; Marshall v. Baltimore & O. R. R., 16 How. 314, 14 L. Ed. 953; Covington Bridge Co. v. Shepherd, 20 How. 227–233, 15 L. Ed. 896.

In Bank of the United States v. Deveaux, above, Mr. Chief Justice Marshall said:

"It is unimportant by what name citizens are by the laws of their own state permitted to sue. They are still citizens, and entitled to that substantial justice, and the benefit of those independent tribunals, which were intended to be secured by the federal Constitution. The Constitution does not speak of the name on record—of the nominal party. It speaks of controversies 'between citizens of different states.' The question is not what names appear upon the record, but between whom is the controversy. Who are the real litigants? In conformity with the spirit of the Constitution, the federal courts have always inquired after the real parties. Although the nominal parties are really persons competent to sue in those courts, yet they will inquire into the character of the real litigants, and, if they find them unable to sue there, they will dismiss the suit. * * * They will allow no fiction to give jurisdiction to the court where the substance is wanting. Can it be admitted, then, that they will allow the jurisdiction to be excluded by a name, if the substance exists which gives jurisdiction?"

And in Covington Drawbridge Co. v. Shepherd, 20 How. 227–233, 15 L. Ed. 896, Chief Justice Taney said:

"The question as to the jurisdiction of the courts of the United States in cases where a corporation is a party was argued and considered in this court for the first time in the cases of the Hope Insurance Company v. Boardman, and of the Bank of the United States v. Deveaux, 5 Cranch, 57, 61, 3 L. Ed. 36. These two cases were argued at the same time and were, as appears by the report, decided at the same time. And in the last mentioned case the court held that in a suit by or against a corporation in its corporate name this court might look beyond the mere legal being which the charter created, and regard it as a suit by or against the individual persons who composed the corporation; and an averment that they were citizens of a particular state (if such was the fact) would be sufficient to give jurisdiction to a court of the United States, although the suit was in the corporate name, and the individual corporators not named in the suit or the averment."

By later decisions it is, of course, now settled that the citizenship of the individual members of a corporation, for the purpose of federal jurisdiction, is conclusively presumed to be that of the state in which the corporation is organized.

But, if it is permissible to go back of the corporate name to show the citizenship of the individual members of the corporation for the purpose of showing federal jurisdiction, why is it not also permissible for the same purpose to go back of the partnership name and show the

citizenship of the individual members of the copartnership who sue or are sued in the name of the copartnership? It is not uncommon for one or more individuals to carry on business under some arbitrary or purely fanciful name which of itself signifies neither corporate nor co-partnership existence, and, under statutes like that of Iowa, they may sue or be sued in such name by simply alleging that they are a co-partnership. Can it be that, if two or more citizens of a state who re-side in and are doing business therein under such a name, may in such name sue a citizen of another state in a state court under a statute like that of Iowa, and thus prevent the latter from alleging in a proper peti-tion for removal the fact, if it be such, that the requisite diversity of citizenship exists between the real parties to the controversy, to war-rant the removal of the cause from the state court to the proper Cir-cuit Court of the United States, the requisite amount being involved? If they can, then mere matter of form must control in determining the right of removal of a cause from a state to a federal court, and the substance of things must give way to their mere shadow. The state statute authorizing a suit to be brought in the state court by or against a copartnership as such cannot, of course, restrict the jurisdic-tion of the federal courts, nor the right to remove the cause to one of those courts, if it is one that otherwise would be removable.

The conclusion therefore is that the motion to remand should be denied; and it is accordingly so ordered.