SUCESORES DE L. VILLAMIL & CO., S. EN C., v. MERCED et al.

(Circuit Court of Appeals, First Circuit. December 11, 1916.)

No. 1204.

1. JUDGMENT ⊜⟹570(1)—CONCLUSIVENESS—MATTERS CONCLUDED—JUDGMENT ON MERITS.

A judgment in an action to recover money, in which the property of defendants was attached, and in which defendants filed a cross-complaint, alleging that there was nothing due plaintiffs, and claiming damages for the attachment, which cross-complaint was dismissed because the damages had not been proven, is res judicata in a subsequent action by those defendants to recover the same damages for the attachment, in which the allegations were the same as those of the cross-complaint.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028, 1036, 1165; Dec. Dig. ⊜⟹570(1).]

2. JUDGMENT ⊜⟹700—CONCLUSIVENESS—IDENTITY OF PARTIES.

'The parties to an action in the district court for San Juan between two copartnerships, in which judgment was rendered on the merits, are the same as in a subsequent action in the United States District Court, though in the former action the partnerships, as permitted by civil law, sued and were sued by their firm names only, while in the latter action

the names and citizenship of the partners had to be given to show the jurisdiction of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1225; Dec. Dig. ☞700.]

3. COURTS ☞438—JURISDICTION—UNITED STATES DISTRICT COURT FOR PORTO RICO.

Under Act March 2, 1901, c. 812, § 3, 31 Stat. 953 (Comp. St. 1913, § 3786), providing that jurisdiction of the District Court of the United States for Porto Rico in civil cases should extend to controversies where the parties, or either of them, are citizens of the United States, or subjects of a foreign state or states, the court has jurisdiction of a suit by members of a firm located in Porto Rico against subjects of Spain, though the citizenship of the members of the plaintiff firm is not given.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞438.]

4. JURY ☞37—INFRINGEMENT OF RIGHT TO JURY—DETERMINATION ON APPEAL.

The Circuit Court of Appeals, on reversing a judgment of the lower court for failure to direct the verdict because the matter had been previously adjudicated, will remand the case for a new trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 220; Dec. Dig. ☞37.]

In Error to the District Court of the United States for the District of Porto Rico; Peter J. Hamilton, Judge.

Action by Casto Merced and another against Sucesores de L. Villamil & Co., S. en C. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

T. D. Mott, Jr., of South Bend, Ind., for plaintiff in error.

Joseph Anderson, Jr., of San Juan, Porto Rico (J. Weston Allen, of Boston, Mass., on the brief), for defendants in error.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. This is a writ of error from a judgment of the United States District Court for Porto Rico in an action brought by Casto Merced and José Salagado, partners doing business under the firm name of C. Merced & Co., against José León Nuñez, Gumersindo Suárez Garcia, Enrique Mitjans Juliá, Manuel Lomba Peña, and Doña Mercedes Fernandez y Fernandez, partners doing business under the name of Sucesores de L. Villamil & Co., S. en C. The members of the plaintiff partnership are alleged to be residents of Bayamón, Porto Rico, and those of the defendant partnership to be subjects of his majesty the king of Spain.

The action is tort for an alleged wrongful attachment placed by the defendants, Sucesores de L. Villamil & Co., S. en C., on the goods and effects of the plaintiffs, C. Merced & Co., in an action brought in the district court of San Juan, May 25, 1914, against C. Merced & Co., to recover the sum of $1,499.34, interest, costs, and attorney's fees.

It is alleged in the complaint that Villamil & Co. brought the action in the district court of San Juan against C. Merced & Co., and caused their property to be attached, knowing that C. Merced & Co. did not owe them anything, the indebtedness of the latter to them having

been liquidated by a public instrument and not yet become due; that, inasmuch as Villamil & Co. knew that the suit was unfounded, the attachment and the taking into custody of the goods was an abuse of process, and wrongful. The elements of damage sought to be recovered were: (1) Loss or depreciation in value of the goods attached; (2) loss of the good will of the firm; and (3) loss of credit.

In their answer the defendants admitted bringing the action against C. Merced & Co. to recover $1,499.34, and that they procured an order for the attachment of sufficient property to secure any judgment which they might recover, including attorney's fees, costs, and interest, and that the marshal of the court attached certain goods of the firm of C. Merced & Co., but denied that they directed the marshal in the levy or in the valuation of the goods. They also denied that, at the time of bringing the suit, or procuring the attachment, or making the levy, they knew that the firm of C. Merced & Co. did not owe them the sum of $1,499.34, or that said sum, if owed, was not then due and payable. They alleged as a defense to the action that the matter in issue between the parties was res adjudicata, the same having been determined in a cross-complaint brought against them by C. Merced & Co. in the district court of San Juan, on May 25, 1914.

In the trial of the case the plaintiffs introduced in evidence the entire record in the suit brought by Villamil & Co. against them in the district court of San Juan, including the cross-complaint which they had brought against Villamil & Co., and at the close of the plaintiffs' evidence the defendants moved that the action be dismissed for the reason that the matter complained of had been adjudicated in the cross-complaint. The court overruled the motion, the trial proceeded, and, the case having been submitted to the jury, a verdict was returned for the plaintiffs in the sum of $1,900.

The defendants contend that the court erred in overruling their motion to dismiss the suit and direct a verdict in their favor, and in refusing to instruct the jury to find a verdict for them, on the ground that the matter here in controversy was decided and determined by the judgment of the district court of San Juan on the cross-complaint.

[1] Is the matter in controversy res adjudicata? In the cross-complaint C. Merced & Co. alleged that whatever indebtedness they were owing Villamil & Co., on the date the latter brought their suit, was embodied in a public document by the terms of which nothing was then due, and that, notwithstanding Villamil & Co. knew that Merced & Co. had complied with the contract embodied in the public document, and that nothing was due thereon, they had brought against them the suit for $1,499.34, of May 25, 1914, procured the order of attachment, and caused the same to be levied upon their property; that by reason of these acts they had been damaged in their commercial credit, their property had depreciated in value, and that the damages already so caused, and those to be thus caused, would amount to $4,000. In answer to the cross-complaint, Villamil & Co. admitted that the indebtedness of Merced & Co. to them was embodied in a public instrument as alleged, but denied that Merced & Co. had complied with the obligations and conditions of that instru-

ment, denied that they knew that Merced & Co. had complied with the contract, and denied that they had been damaged by reason of the suit and attachment. They also alleged and claimed that the contract embodied in the public document was rescinded by reason of the failure of Merced & Co. to adjust the claims of creditors other than those provided for in the public document. By the judgment it appears that, when the case was called for trial in the district court of San Juan, both parties appeared by counsel, and, the pleadings having been read and the parties having presented oral and documentary proofs, and made their arguments thereon, the court entered judgment dismissing the cross-complaint, "because the damages alleged therein * * * [had] not been satisfactorily proven."

It is apparent from the foregoing that the cross-complaint put in issue the very matters complained of in the present action, that a trial was had upon the merits of the controversy, and that judgment was rendered in favor of the present defendants.

[2] Not only were the matters in issue in the two proceedings the same, but the parties thereto were the same. It is true that the cross-complaint in the district court of San Juan was brought in the name of C. Merced & Co. against the Sucesores de L. Villamil & Co., S. en C., without naming the partners composing the respective firms, while in the present action the partners of the firms are named. The reason for this is that, under the civil law, the members of a partnership can sue, and be sued, in the firm name, without joining the members of the partnership; but, in order to confer jurisdiction upon the court, in an action brought in the District Court of the United States for Porto Rico, it was necessary to state who the members of the respective firms were and allege the requisite citizenship. Great Southern Fireproof Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 842; Carnegie, Phipps & Co., Limited, v. Hulbert et al., 53 Fed. 10, 3 C. C. A. 391.

We are therefore of the opinion that the matter in controversy was res adjudicata, and that the defendants' motion and request for a directed verdict should have been granted.

[3] The defendants have also contended that the District Court erred in taking jurisdiction of the present case. But we are of the opinion that it had jurisdiction of the cause, under section 3 of the act of March 2, 1901, although the complaint does not allege the citizenship of the partners of the plaintiff firm.

Section 3 of the act of March 2, 1901, provides:

"That the jurisdiction of the District Court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the act of April 12, 1900, extend to and embrace controversies where the parties, or either of them, are citizens of the United States, or citizens or subjects of a foreign state or states, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum * * * of one thousand dollars."

In the complaint it was alleged that the partners composing the defendant firm were subjects of his majesty the king of Spain, and that the members of the partnership of C. Merced & Co. were residents of Bayamón, Porto Rico; and the defendants, at the trial, ad-

mitted they were subjects of the king of Spain, as alleged. If it is to be presumed that the members of the plaintiff firm were citizens of Porto Rico, the citizenship necessary to confer jurisdiction on the United States District Court for Porto Rico under the above act was complied with; and, if it is to be presumed that they were citizens of the United States, of Spain, or of any foreign power, the citizenship necessary to confer jurisdiction is likewise present.

[4] For the foregoing reasons, the judgment of the District Court will be reversed, the verdict set aside, and the case remanded to that court for a new trial. Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029. We do not think it necessary to consider the other assignments of error.

The judgment of the District Court is reversed, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion; and the plaintiffs in error are awarded costs in this court.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes